### J. D. Thomas v. W. B. Morse.

#### No. 2993.

1. **Conversion of a Promissory Note by a Joint Owner.**—The disposition of a promissory note by one of the part owners without authority of the other part owner is a conversion of such note, and for which an action lies for the real value of the interest in the note so converted. See example.

2. **Same.**—Upon such conversion the cause of action ensued, and plaintiff could abandon any right against the maker of the note or the liens securing it.

3. **Rescission of Sale of Land.**—Two tenants in common sold a tract of land; notes with vendor's lien were made by purchaser. It was stipulated that upon the maturity of one note if not paid the contract for sale should operate as a lease and the money due on the note to be collectible as rent. Upon maturity the purchaser insisted upon paying the money as rent, and one of the vendors accepted the money as rent and leased the land to the maker of the note. The other part owner of the note repudiated the settlement and sued his co-owner for conversion of the note. *Held:*

1. The vendee's insolvency would not affect the plaintiff's right of action.

2. In the meantime defendant would have the benefit of the rescission and of the plaintiff's interest in the land.

3. Plaintiff receiving his proportion of the money so paid and crediting it upon his claim for purchase money, at the same time repudiating the act of defendant in the rescission, would not be a ratification of such rescission.

4. An offer by defendant to restore the notes surrendered, followed by their production on the trial, would entitle him to protection under proper pleadings.

5. A refusal to pay as purchase money by the vendee would amount to a failure to pay on maturity, and would authorize the rescission under the contract for sale.

APPEAL from Brazos. Tried below before Hon. John N. Henderson. The opinion states the case.

*Ford & Doremus,* for appellant.—1. If one of the owners takes a joint note for collection and then surrenders it to the maker without getting payment it is a conversion, and he is liable to the other joint owner for his interest. 4 Am. and Eng. Encyc. of Law, 115, note; Wenner v. Penniman, 6 Am. Rep., 385; Nowlen v. Colt, 41 Am. Dec., 756; Rains v. McNairy, 40 Am. Dec., 651; Sanborn v. Morrill, 40 Am. Dec.,

701; Guither v. Pettijohn, 45 Am. Dec., 499; Agnew v. Johnson, 55 Am. Dec., 565–568; Perminter v. Kelley, 54 Am. Dec., 177.

2.   While partners have an implied authority to dispose of the partnership property, tenants in common have no such authority as to their joint property, and any disposition of it by one tenant in common without the authority of the other is a violation of the rights of the other cotenant and renders him liable to his cotenant for his interest so disposed of.   Hyde v. Stone, 9 Cowan, 230; Wilson v. Reed, 3 Johns., 176.

3.   A cotenant or joint owner of choses in action, such as promissory notes, bills, etc., who converts them is *prima facie* liable to the other cotenant or joint owner for their face value to the extent of his interest, and evidence of the insolvency of the maker is relevant for no purpose except in mitigation of damages, and it is irrelevant for any purpose if the payment of the note is secured by the vendor's lien or otherwise. Ramsey v. Hurley, 72 Texas, 194; 3 Suth. on Dam., 522.

4..  The notes were perfectly good because secured by the vendor's lien, and it was therefore immaterial whether appellant acted in good faith in surrendering them, or whether the maker was insolvent, or whether the notes had "no other value than as represented by the land." Rose v. Lewis, 10 Mich., 483; 3 Suth. on Dam., 533.

*Taliaferro & Butler*, for appellee.—1.  Defendant if liable at all was only liable for the actual damage sustained by plaintiff.   If the maker of the notes was insolvent and the notes had no value outside of the land, and the land was taken back for the joint benefit of plaintiff and defendant, then plaintiff has suffered no injury and was not entitled to recover.   Ramsey v. Hurley, 72 Texas, 194; Field on Dam., sec. 823, note 33; 2 Sedge. on Dam., p. 403, and note; Robbins v. Packard, 76 Am. Dec., 134.

2.   If Morse had no authority to surrender the notes Thomas was not bound by such surrender, and he could have still sued the maker.   Having ratified Morse's action by treating notes as canceled, he can only recover in the absence of good faith on Morse's part.

COLLARD, JUDGE.—On December 13, 1888, J. D. Thomas, the appellant, and W. B. Morse, the appellee, sold eighty acres of land to one Skains for $900, taking his four notes to secure the purchase money, the interest of Thomas in the land and notes being three-fourths and that of Morse being one-fourth.   The first note to become due was for $90, and the deed to Skains contained the following stipulation: "It is, however, understood that unless the $90 note shall be paid at maturity this contract shall operate only as a lease, and said $90 shall be due as rent and may be collected accordingly."   The notes were all left with the appellee for collection, and on maturity of the $90 note he,

without the consent of appellant, collected the same as rent, Skains, as testified to by Morse, refusing to pay it as purchase money on the land. At the same time appellee rescinded the sale of the land and surrendered the notes to Skains and leased the land to him for the benefit of the joint deeders. He sent Thomas his three-fourths of the $90. The latter at once replied disapproving the rescission and surrender of the notes, and saying he would credit the amount sent him on the first note; he was to have the first $200 collected on the notes. Skains was insolvent, had no property subject to execution, and still has none. The land upon which there was a lien to secure the purchase money notes was worth more than the amount of the notes. Morse took no reconveyance of land from Skains.

Thomas brought this suit against Morse for conversion of his interest in the notes. The suit failed, and he has appealed.

The court instructed the jury in effect that plaintiff should recover if the notes had any value independent of the land security; but that if Skains was insolvent, and because of such insolvency the notes had no value save as secured by the land, and Morse acted in good faith in returning the notes, the verdict should be for defendant.

The error assigned to the charge is that plaintiff's right to recover is made to depend upon the solvency of Skains or upon the fact that the notes had a value outside of the land. It must be held that this assignment is well taken. The disposition of the notes as alleged, without authority under the deed or from Thomas, was a conversion of them (Winner v. Penniman, 6 Am. Rep., 386; Weld v. Oliver, 21 Pick., 559), and gave plaintiff a cause of action against Morse for the value of plaintiff's interest in them, the real value as against Skains and as secured by the land. In case Morse disposed of the notes without authority his liability at once ensued, and plaintiff could abandon any right he may have had in the notes against Skains, secured as they were, and elect to hold Morse liable for conversion. Skains' insolvency would not defeat plaintiff's right to sue Morse for conversion, it being an undisputed fact that the notes were valuable to the extent of the value of the land, and he could recover the real value but no more. In the meantime Morse would have the benefit of the rescission and Thomas' interest in the land. Thomas' election to hold Morse liable would have this effect. See authorities *supra* and Newlan v. Colt, 41 Am. Dec., 756; Rains v. McNairy, 40 Id., 651; Id., 701; Agnew v. Johnson, 55 Id., 565.

Plaintiff receiving a part of the $90 to credit on the first note (which had been paid in full to Morse), at the same time refusing to recognize but repudiating Morse's act, was not a ratification. If Morse offered to procure the notes from Skains in the same status they were before the rescission and Thomas refused the offer, and Morse was able to do as

he proposed and was able and ready to do so at the time of trial, he would be entitled to protection under proper pleading.

If it should be found on another trial that Skains on the maturity of the $90 note refused to pay it as purchase money on the land, such refusal would amount to a failure to pay on maturity, in which case the clause in the deed above quoted would have effect and authorize Morse to treat the deed as a lease, and to collect the note as rent, in which case plaintiff could not recover. Defendant set up these facts in his answer, but they were not submitted to the jury nor was any charge requested by defendant upon the point. Under the circumstances we do not feel authorized to control the case by deciding upon the fact of Skains' refusal to pay the $90 as purchase money. The fact may or may not be ascertained by a jury on another trial.

· Because of the error pointed out in the charge by the court the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 17, 1891.

*Taliaferro & Butler*, for appellee, argued a motion for rehearing. The motion was transferred to the Austin Term and there refused.