HENRY GILLUM ET AL. v. THE ST. LOUIS, ARKANSAS & TEXAS
RAILWAY COMPANY ET AL.

No. 61.

1. Cotenants—Damages to Land—Res Adjudicata.—A recovery by a cotenant for damages to land owned in common by him and others, but enclosed and used by him for a pasture, occasioned by the negligent burning of grass by a railway company, is not a bar to the subsequent suit of another cotenant for damages sustained by reason of such negligent burning, to which all the cotenants are parties.

2. Same—Parties.—Though all the cotenants should join in such suit, yet. if the cotenant bringing the first suit sued for the entire damage, and the railway company failed to interpose such defenses as it was entitled to do under the law to prevent such recovery, which would have been a plea in abatement for the nonjoinder of the other cotenants, or by way of apportionment of the damages. on the trial, then such judgment is not a bar to the subsequent suit of the other cotenants for the damages to their interests.

3. Same—Release by one Cotenant.—The rule, that where " tenants in common have a joint action for a trespass, a release and settlement of damages for such trespass by one of the tenants in common binds his cotenants, and is a bar to an action by them," does not obtain in this jurisdiction.

4. Receivers — Jurisdiction. — Where, pending a suit against a railway company for damages, receivers are appointed for it and made parties to the suit. the judgment, if the receivers are not properly made parties, should be one of dismissal as to them.

APPEAL from Hopkins.    Tried below before Hon. E. W. TERHUNE.

*J. A. B. Putman*, and *Whittle & Son*, for appellants.— 1.  A judgment. in favor of or against a tenant in common of land for injuries thereto, where he sues in his own name and for his own benefit, claiming to be sole owner, is not binding upon his cotenants who were not parties to the action.    May v. Slade, 24 Texas, 205; Morrison v. Loftin, 44 Texas, 17; Morrison v. Chandler, 44 Texas, 24; McCoy v. Crawford, 9 Texas, 356; Bige. on Estop., 98.

2.  Where a party has a good cause of action against a railway company, and during pendency of suit the railway property passes into the hands of receivers, and such receivers are improperly made parties to the suit, the suit should be dismissed as to them, and it is error to render judgment in their favor, when judgment is at the same time rendered against the railway company.    Sanborn v. Gunter, 17 S. W. Rep., 123.

*Perkins, Gilbert & Perkins*, for appellees.—1.    Where a cotenant is in possession of land, title to which vests in himself and other cotenants, he may maintain an action in his own name, and recover fully all of the damages done by the burning of the grass on such land of which he is so

possessed. Railway v. Timmerman, 61 Texas, 662; Moaks' Und. on Torts, 368, 378.

2. One cotenant in the actual possession of land may sue and recover judgment for the full amount of damage by the burning of grass, occurring on said land; and such damage is a bar to any action by the other cotenants, whether they are parties to the action or not. Railway v. Bayliss, 62 Texas, 575; Contreras v. Haynes, 61 Texas, 106; Hibbard v. Foster, 24 Vt., 546; Freem. on Coten. and Part., pars. 3, 5, 6; Dicey on Part. to Act., 333; 3 Suth. on Dam., 366.

3. Where tenants in common have a joint action for a trespass, a release and settlement of damages for such trespass by one of the tenants in common binds his cotenants, and is a bar to an action by them, because such settlement and release necessarily operates as a transfer of the property to the trespasser. Bradley v. Boynton, 22 Me., 287; Freem. on Coten. and Part., sec. 179; 7 Wait's Act. and Def., 460.

4. Where a party defendant is improperly before the court, and the plaintiff does not dismiss such party, and does not show any cause of action against him, it is the duty of the court, where the case is submitted to the jury, to instruct the jury to find a verdict in favor of such party so improperly before the court. Sayles' Civ. Stats., arts. 1335, 1337.

RAINEY, ASSOCIATE JUSTICE.—The appellants and C. M. and Nancy Houston were owners in common of the Dykes league and labor of land in Hopkins County. Part of this land was enclosed and used as a pasture by the Houstons. In August, October, and November, 1887, the grass in said pasture was burned. Appellants bring this suit to recover damages of appellee railway company, alleging that the grass was burned by the negligence of said railway company, and that the land was damaged by said burning.

During the pendency of the suit, receivers were appointed for said railway company, who were made parties to the suit. The railway company answered by general denial, and that C. M. and Nancy Houston, appellants' cotenants, had recovered judgment against it for said burning, which judgment was res adjudicata. The receivers answered, that leave had never been granted appellants to sue them, and that they be dismissed.

A trial was had, which resulted in a judgment for appellants and C. M. and Nancy Houston against the railway company for $100, and in favor of the receivers as against appellants, from which appellants appeal.

The appellants complain of the action of the court in excluding from the consideration of the jury evidence as to the damages done to the premises by the burning of August 12, 1887. The ground upon which said evidence was excluded, as given by the court, being that the Houstons were in possession of the premises at the time, and had since then recovered of the railway company for such damages. On April 11, 1887,

a judgment by a court of competent jurisdiction was rendered establishing the fact that appellants and C. M. and Nancy Houston were owners in common of the land in question.

The appellees contend, that at the time of the burning the Houstons had the land enclosed, were using and enjoying the same and exercising ownership over it, and that a recovery by them precludes appellants from a further recovery.

That "tenants in common must join in the action of trespass, quare clausam fregit," is well settled in this State. In this respect, this action differs from the action of trespass to try title, in which case a tenant in common can maintain alone an action against a naked trespasser.

In May v. Slade, 24 Texas, 205, Slade brought an action against May for cutting and carrying away timber, alleging that he was "absolute legal owner of an undivided interest" in and to said land, specifying the interest; "that he holds said land as tenant in common with ――――; and that he was in the peaceable possession of said land" at the time of the cutting, etc. Subsequently the cotenant was made a party. On the trial the court charged the jury, that the mere fact "that the parties stand before the court as joint suitors will not bar Slade's recovery for the injury to his own land;" and judgment was rendered for Slade alone. In that case the court, after discussing the right of one tenant in common to maintain an action of trespass to try title, said:

"But it is well settled that they must join in actions of trespass relating to the possession; because in actions of this nature, though the estates are several, yet the damages survive to all; and it is deemed that it would be unreasonable, when the damage is thus entire, to bring several actions for a single trespass. Thus, it is laid down, that 'tenants in common shall join in actions personal, as trespass in breaking into their houses, breaking their enclosures or fences, feeding, wasting, or defouling their grass, etc., and shall recover jointly their damages; because in those actions, though their estates are several, yet damages survive to all; and it would be unreasonable to bring several actions for one single trespass.' There is nothing in our practice to require a departure from this rule of common law; but there is a great reason to adhere to it, to prevent multiplicity of suits and the inconvenience that would arise from the bringing of several suits and allowing several recoveries for the same trespass. The objection of the nonjoinder of the cotenant, it is true, can, in general, only be taken by plea in abatement, or by way of apportionment of the damages on the trial."

This doctrine has been repeatedly announced and reaffirmed by our Supreme Court. Railway v. Knapp, 51 Texas, 592; Lee v. Turner, 71 Texas, 266; Roland v. Murphy, 66 Texas, 538; Railway v. Ragsdale, 67 Texas, 28; Hill v. Norman, 67 Texas, 266.

The judgment in favor of the Houstons against the railway company does not prevent appellants from prosecuting their action for the injury

they sustained. Houstons' possession of the land was not exclusive, but enured to the benefit of all the cotenants. There is nothing in the record to show that they had an exclusive right to the land, or that appellants had waived any right by the Houstons' possession. The judgment partitioning the land does not show that this land was set apart to the Houstons, or that the amount they received from the railway company was in any way considered in making the partition. If the Houstons sued for the entire damage, and the railway company failed to interpose such defenses as it was entitled to do under the law to prevent a recovery, then such judgment is not a bar to appellants' action, to the extent of their damage, if any.

In the case of Roland v. Murphy, supra, the court, in discussing this principle, says: "The question then is, whether one tenant in common can maintain an action of this character and recover the entire damages done to the common estate. The negative of this proposition is established in the case of May v. Slade, 24 Texas, 205, which is in harmony with the rulings of the English courts, and with the rulings of the courts of the other States of this Union. The rule prevents the multiplicity of suits, and denies a recovery to one cotenant for the entire damage done to the common estate, because a judgment in favor of one cotenant alone, rendered in an action to which he was sole plaintiff, would not bar the right of another cotenant to recover on the same cause of action, in his own right, to the extent of the damage to which he would be entitled for injuries done to his interest in the common property. One cotenant in such case is not the representative of another."

The appellees also contend, that where "tenants in common have a joint action for a trespass, a release and settlement of damages for such trespass by one of the tenants in common binds his cotenants, and is a bar to an action by them, because such settlement and release necessarily operates as a transfer of the property to the trespasser." It is true, Mr. Freeman, in his work on Cotenancy and Partition, section 179, lays this down as the general rule, but it does not obtain in this jurisdiction, as a reference to our Supreme Court decisions above quoted will readily show.

The ruling of the court below in excluding testimony of the burning of August 12, 1887, as complained of by appellants, was error, as such evidence was material to support appellants' cause of action. We also think that judgment in favor of the receivers was error, as it precludes any further action as to them. If they were not properly made parties, the judgment should have been one of dismissal.

The judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 25, 1893.