J. L. HUGGINS ET AL. v. THE CITIZENS NATIONAL BANK OF KANSAS CITY.

No. 351.

Setoff — Usurious Interest Paid National Bank.—Usurious interest paid on a note to a national bank can not be pleaded as a setoff or counter-claim against the principal of the note.

APPEAL from Clay. Tried below before Hon. GEORGE E. MILLER.

*Swan & Swain*, for appellants.—A renewed usurious note is usurious, and all payments when made on a note tainted with usury should be applied to the discharge of that part of the obligation which is not usurious. Stout, Goldborough & Perry v. Bank, 69 Texas, 384; Krause v. Pope, 78 Texas, 478; Connor v. Dowell, 55 Texas, 167.

*W. O. Davis* and *J. L. Harris*, for appellee.—Under the act of Congress (United States Revised Statutes, article 5198) on the subject of usury by national banks, the following propositions are established:

1. That the remedy prescribed by that statute for the recovery for usury actually paid is exclusive of all others. Barnet v. Bank, 98 U. S., 555; Bank v. Dearing, 91 U. S., 29.

2. That usurious interest paid can not be applied in satisfaction of the principal debt in an action thereon, either by way of offset or counter-claim, and that a surety in this particular is on no better footing than his principal. Driesbach v. Bank, 104 U. S., 52; Barnet v. Bank, 98 U. S., 555; Cook v. Sillo, 103 U. S., 792; Stephens v. Monongahela, 111 U. S., 197.

STEPHENS, ASSOCIATE JUSTICE.—This was a suit by a national bank upon a promissory note. The defense was twofold; first, that the note carried usury, and that the payments made upon it should be applied entirely to the principal; second, that having been applied to the payment of usurious interest, they should at least be allowed as an offset against the principal.

The court found that the note was tainted with usury, and that these payments had been applied to the usurious interest by the consent of the defendants, and gave judgment for the balance due of the principal. These, with the other conclusions of fact, we find to be sustained by the statement of facts.

As a conclusion of law, the court held that the payment of usurious interest to a national bank could not be pleaded as a setoff or counter-claim against the principal of the note sued upon. As this conclusion involves a Federal question, it must be sustained on the authority of the

decisions of our Federal Supreme Court.   Burnet v. Bank, 98 U. S., 555; Bank v. Deering, 91 U. S., 29; Driesback v. Bank, 104 U. S., 52; Stephens v. Monongahela, 111 U. S., 197; Bank v. Morgan, 132 U. S., 141; Bank v. Childs, 132 Mass., 248 (and 43 Am. Reports, 509), and cases there reviewed.   In the absence, however,. of an authoritative decision of the question by the Supreme Court of the United States, we would be inclined to follow that line of decisions which had announced a different rule before the question came before that tribunal.

The conclusions of law and fact upon which the District Court entered judgment are hereby adopted, and the judgment affirmed.

*Affirmed.*