BUCKHOLTS STATE BANK v. GRAF et al. (No. 5701.)

(Court of Civil Appeals of Texas. Austin. Jan. 9, 1918. Rehearing Denied Feb. 13, 1918.)

1. APPEAL AND ERROR ⟶231(9)—OBJECTION IN LOWER COURT—INSTRUCTIONS.

Requested instructions made a part of the bill of exceptions *held* sufficient, under Rev. St. 1911, arts. 1971, 2061, to indicate the objections to the peremptory charge given.

2. TRIAL ⟶349(2) — VERDICT—REQUEST FOR SPECIAL FINDINGS.

Rev. St. 1911, art. 1984a, as added by Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a), providing the court shall, upon request of either party, submit the cause upon special issues, except when it cannot be so determined, is mandatory; the court having discretion, subject to review, as to whether the cause can be so determined.

3. APPEAL AND ERROR ⟶1062(2)—QUESTION FOR JURY—REFUSAL TO SUBMIT ON SPECIAL ISSUES.

Where the evidence on an issue was conflicting and irreconcilable, there was an issue for the jury, the failure to submit which specially, as requested, is, under Rev. St. 1911, art. 1984a, as added by Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a), reversible error.

4. JURY ⟶31(3)—RIGHT TO TRIAL BY JURY —CONSTITUTIONAL PROVISIONS.

Action of court, in peremptorily instructing a jury, *held* equivalent to a denial of the right of trial by jury of a material controverted fact, and in violation of Const. art. 1, § 15.

5. BANKS AND BANKING ⟶175(5)—COLLECTIONS—NEGLIGENCE.

In an action against a bank for negligently failing to collect a draft, the measure of damages is compensation for the injury thereby suffered, which is not necessarily the face of the draft.

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by Henry Graf and others against I. B. Williams, the Buckholts State Bank,

and others. Judgment for plaintiffs, and defendant bank appeals. Reversed and remanded.

Morrison & Lewis, of Cameron, and Etheridge, McCormick & Bromberg, of Dallas, for appellant. Geo. T. Willrich and Jno. T. Duncan, both of La Grange, D. R. Criswell, of Buckholts, and Chambers & Baskin, of Cameron, for appellees Henry Graf and others. Cecil L. Simpson and Monta R. Ferguson, both of Dallas, for appellees Pierson & Taft, Inc. E. A. Wallace, of Cameron, for appellees Z. A. Ray and others. Cox & Snodgrass, of Temple, for appellee Temple Trust Co.

JENKINS, J. In view of the disposition which we make of this case, our findings of fact and decision as to points of law in our former opinions herein become unnecessary, and they are therefore withdrawn, and this opinion is substituted in lieu thereof.

The following statement will suffice for an understanding of this opinion: The plaintiffs, who are hereinafter referred to as the Grafs, owned 1,030 acres of land in Bell county, which they sold to I. B. Williams in part consideration of 18 vendor's lien notes of $1,000 each. Subsequently Williams sold 100 acres of this land, and the Grafs released their vendor's lien on the same and surrendered three of said notes. Williams also sold 265 acres, and the Grafs released their lien on same, and credited the indebtedness to them with $6,000. This left principal and interest due them of $12,150, with a vendor's lien on the remainder of the land, 665 acres. Williams wrote the Grafs that he had sold 289.98 acres to A. L. Ray, and requested them to send six of the remaining notes, together with a release of their lien on said 289.98-acre tract, to the Buckholts State Bank, appellant, and that he would pay off said notes with accrued interest. The Grafs executed the release and sent the same, together with six notes, to appellee, with draft attached for $6,723.85, the principal and interest due, with instructions not to deliver the release until the notes were paid. Williams had previously executed a deed to Graves, which was intended as a mortgage to secure $6,500 that he owed Graves. Ray was to pay Williams for this land by deeding him a tract of land in Bell county, and executing his nine vendor's lien notes for $1,000 each, and Williams contemplated paying his debts to the Grafs and to Graves by selling these notes and borrowing money on the land he was to get from Ray. The Temple Trust Company bought the Ray notes, for which they gave Williams a check for $8,900, intending that $6,723.35 of the proceeds thereof should be used in payment of the draft drawn by the Grafs. Appellant collected this draft for $8,900, but afterwards permitted Williams to draw out the full amount thereof, and neither appellant nor Williams remitted any part thereof to the Grafs. A material issue

herein is as to whether the Graf draft was paid to appellant out of the Temple Trust Company draft. The Temple Trust Company, at the time it delivered the Williams' check to appellant, obtained possession of the release, and placed the same of record in Bell county. Subsequently the trust company sold the Ray notes to Pierson & Taft, and Ray sold 100 acres of the 289.98 acres to Smith. The Grafs brought this suit against Williams to collect the amount due them on the six notes sent to appellant, and made the trust company, Ray, Smith, and Pierson & Taft parties defendant for the purpose of removing cloud from their title, and in the alternative against appellant to recover the principal and interest of said six notes in the event it should be held that appellant had collected the same. A jury was demanded by appellant, but at the conclusion of the testimony the court peremptorily instructed the jury to return a verdict in favor of the Grafs against appellant for the amount of their draft, and against the Grafs as to all the other defendants.

[1] The appellant requested the court to submit the case on special issues presented by it to the court, and excepted to the action of the court in giving the peremptory instruction, and in refusing to submit the case on special issues.

It is urged by the Temple Trust Company, one of appellees herein, that we ought not to consider any of appellant's assignments based on the alleged error of the court in giving the peremptory charge to the jury, for the reason that it did not present specific objections to said charge as required by articles 1971 and 2061, R. S. The requested instructions were made a part of the bill of exceptions, and we think they are sufficient to indicate the objections to the charge given.

[2, 3] Article 1984a, R. S., as added by Acts of 1913 (Acts 33d Leg. c. 59 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a]) requires:

"In all jury cases the court, upon request of either party shall submit the cause upon special issues raised by the pleadings and the evidence in the case * * * provided that if the nature of the suit is such that it cannot be determined on the submission of special issues, the court may refuse the request to do so; but the action of the court may be reviewed on proper exceptions, in the appellate court."

As we construe this article, it is in the discretion of the trial court to determine, in the first instance, whether or not the case is one which can be submitted on special issues, and his discretion extends no further. If it be determined on appeal that the cause could properly have been submitted on special issues, the statute is mandatory that it should have been so submitted, and the refusal to do so constitutes reversible error, unless the uncontradicted evidence leaves no material issue of fact to be determined by the jury.

Requested issue No. 1 is as follows:

"Did the defendant, I. B. Williams, ever pay or cause to be paid the 6 vendor's lien notes for $1,000 each, described in plaintiff's petition?"

Requested special issue No. 4 is in legal effect the same as No. 1, though it submits more in detail the issuable facts as to such payment. This issue was raised by the pleadings, and was very material, inasmuch as, if said notes had not been paid, plaintiffs were entitled to judgment against Williams for their debt, with enforcement of their vendor's lien against the other defendants, except to such of them, if any, as were innocent purchasers. On the other hand, if the notes had been paid to the appellant, as agent for the Grafs, the debt and the lien were extinguished, and appellant was liable to the Grafs for money received and converted by it. The evidence upon this issue was contradictory and irreconcilable.

[4] The action of the court in peremptorily instructing the jury was equivalent to denying the appellant the right of trial by jury upon a material and controverted issue of fact. Such right is guaranteed by the Constitution of this state (article 1, § 15), and therefore must be conclusively presumed to be a valuable right.

[5] If, upon another trial hereof, it shall be found that appellant negligently failed to collect the draft sent to it by plaintiffs, their measure of damage will be compensation for the injury which they thereby suffered, which is not necessarily the face of the draft. Thomas v. Morse, 80 Tex. 289, 16 S. W. 48; Bank v. Brogden, 98 Tex. 360, 83 S. W. 1098; Bank v. Hendrix, 147 Ala. 670, 39 South. 295, 1 L. R. A. (N. S.) 246; Bank v. Bank, 99 Ark. 386, 138 S. W. 472; Bank v. Bank, 77 N. Y. 328, 33 Am. Rep. 618; Mott v. Bank, 22 Hun (N. Y.) 358.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded for a new trial in accordance with this opinion.

Reversed and remanded.