### TEXAS & N. O. R. CO. v. KADERLI.
No. 8501.

Court of Civil Appeals of Texas. San Antonio.

Nov. 26, 1930.

Rehearing Denied Dec. 24, 1930.

Kleberg & Eckhardt, of Corpus Christi, for appellant.

Lloyd & Lloyd, of Alice, for appellee.

COBBS, J.

This is an appeal from a judgment and decree rendered in the justice court of Jim Wells county.

Appellee, L. O. Kaderli, sued Texas & New Orleans Railroad Company, appellant, for damages for the death of appellee's cow, and recovered damages in the sum of $125. The damage was alleged to have been caused by the cow eating grass, upon appellant's right of way, which had been poisoned. The law required appellant to keep the right of way free from grass.

The case was tried with a jury upon special issues, and they returned a verdict for appellee in the sum of $125. The cow had been staked in the town of Alice because there was a stock law of the city prohibiting stock from running loose in the city. She had been confined and staked to prevent her from running loose within the city limits, but she got loose and entered upon the right of way of appellant and ate the grass that had been poisoned and died from it.

The appellant had the right to poison the grass, or otherwise destroy and kill it. The appellee had no right to allow his cow to run loose in the city of Alice or to enter upon the right of way of appellant to eat the grass upon the said right of way.

It is true that appellee had kept his cow confined because it was against the city ordinance to allow her to run at large, but she got loose and entered appellant's premises to eat the grass. Appellant had posted notices that the grass had been poisoned, and appellee was charged therewith, and it was no defense that the cow had been tied. She was not tied when she ate the grass, but was loose and thus permitted to run at large. We think the cow died from the poison she

got from eating the poisoned grass, but there is nothing shown by the facts of the case to justify the judgment.

There is nothing in the facts of this case that required the exercise of any ordinary prudence and care to prevent injury to the cow, more than was exercised. The appellant was required to keep the grass down. It was in a city where stock was excluded, and appellant was required to do no more than was done.

There is no direct evidence in this case that the cow consumed any of the poisonous grass; we must therefore presume that from her presence on the right of way she did consume some of the poisoned grass; we must further presume from this presumption without any further referable facts, that she actually consumed a sufficient quantity of such poisoned grass as to have caused her death; and, that her death was actually caused therefrom when we know of no fact symptoms manifested at the time of her death to which we can point as being facts to authorize the drawing of the last assumption that death was actually caused from such poison sprayed on the grass.

▮ Where, as in this case, the evidence conclusively shows that there was a valid stock law in force within the limits of the city of Alice prohibiting all stock from running at large on public or private property, and that appellee's cow was on the day in question loose and running at large within the limits of such city, and was a trespasser on appellant's right of way property, all in violation of the law as made and provided; and that appellant, despite the prohibitory terms of such stock law, posted and placed notices along the main track of its right of way, and at the station house, and on the day in question kept a man in constant patrol of all of its tracks, including the track or portion of the right of way whereon the cow was seen loose; and, further, that on each and every of the occasions, when and as soon as said cow was seen on said right of way, she was immediately driven completely therefrom, and that on the last of such occasions, though the owner of said cow was unknown to appellant's employee driving her therefrom, such employee, upon seeing appellee's son near said cow, told him if such cow belonged to him he had better remove her from the right of way as grass poison had been placed thereon, whereupon appellee's son did remove said cow—does not constitute any proof of the wanton or willful injury or death of such cow at the hands of appellant's agents, servants, or employees, nor of any gross negligence whatsoever on the part of appellant.

No negligence was shown on the part of appellant that will support a recovery. Our statutes, under severe penalties, forbid railroad companies to allow Johnson or other grasses on their rights of way to go to seed. Article 6401, R. S.

▮ Taking into account the undisputed facts in the case, and applying thereto the settled law, there is no liability on the part of appellant for any acts of negligence committed against appellee. Since appellant was only liable for gross negligence, which is for wanton and willful infliction of injuries to appellee's cow, of which there is no evidence in the record, it is not chargeable as a matter of law with any liability. The motion for an instructed verdict should, therefore, have been granted by the honorable trial court.

▮ The failure, if any, to post notices of the distribution of poison on the grass along appellant's right of way does not amount to actionable negligence, because it is undisputed that a city ordinance was at the time in effect. Appellant was under no legal duty to anticipate the running of live stock on its right of way, and he was not required to notify any person of the fact that poison had been distributed on its right of way, or that such person was required to obey the existing stock law.

Under the findings of fact we feel that no cause of action is stated or proven that entitles appellee to a judgment, and it was error on the part of the court not to give an instruction for appellant. We shall now enter the judgment that should have been entered by the trial court.

The judgment of the trial court is reversed, and judgment here rendered that appellee take nothing by his suit against appellant.