## BOTHWELL v. FARMERS & MERCHANTS STATE BANK & TRUST CO. OF RUSK.

### No. 1537—6317.

Commission of Appeals of Texas, Section B.
July 3, 1935.

against it and sued upon by the bank were paid off and discharged by crediting against their respective principals the usurious interest theretofore paid by Bothwell.

Applying the state law applicable to interest-bearing contracts other than those in which a national bank is a payee, the conclusion reached was correct. It is pointed out in defendant in error's motion for rehearing that the usurious interest in question was paid to the First National Bank prior to its merger with defendant in error bank.

It is settled that usurious interest on a note in which a national banking corporation is payee and owner cannot be credited upon the principal. The only remedy provided for the payor in such case is an original action by him in the nature of an action for debt to recover the penalty. Sections 85 and 86, U. S. Code, title 12 (12 USCA §§ 85, 86) ; Barnet v. Muncie National Bank, 98 U. S. 555, 559, 25 L. Ed. 212; Schuyler Nat. Bank v. Gadsden, 191 U. S. 451, 24 S. Ct. 129, 48 L. Ed. 258; Huggins v. Citizens' National Bank (writ refused) 6 Tex. Civ. App. 33, 24 S. W. 926; Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204. The provisions of the national code cited fixing the rate of interest which may be taken by a national bank, and imposing penalties for taking usurious interest, are held in the cases cited to be exclusive of state legislation. They supersede the state usury laws so far as national banks are concerned, except, of course, the statutory provision fixing the legal rate of interest in the state. This provision is not within the purview of the federal enactments. Notwithstanding state courts have concurrent jurisdiction with federal courts in actions by and against national banks, the pleading and practice prescribed by the state Legislature as to counterclaims cannot be employed to defeat the intention of a federal enactment. Planters' Nat. Bank of Virginia v. Wysong & Miles Co., 177 N. C. 380, 99 S. E. 199, 12 A. L. R. 1412, certiorari denied 250 U. S. 665, 40 S. Ct. 13, 64 L. Ed. 1197.

The notes in the case at bar were held by the Supreme Court upon a former appeal of the case to be usurious under both the state and federal statutes. 120 Tex. 1, 30 S. W.(2d) 289, 292, 76 A. L. R. 1480. The question of allowing Bothwell an offset against the principal debt in the amount of usurious interest paid was not then presented by the record. Upon reversal of the case, the bank, by supplemental petition, invoked

Guinn & Guinn, of Rusk, for plaintiff in error.

Norman & Norman, of Rusk, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for defendant in error.

TAYLOR, Commissioner.

Upon original hearing, the judgments of the trial court and Court of Civil Appeals were affirmed except that part of the judgment vesting title to the 10.1-acre tract in question in defendant in error bank. This part of the judgment was reversed and remanded to the trial court, with instructions to deny defendant in error recovery of the tract referred to. The reversal of the judgment as to this tract was predicated upon the view that the three notes outstanding

sections 85 and 86 of the United States Code, title 12 (12 USCA §§ 85, 86), supra. Under the decisions cited, the federal rule must be applied, and the plea of offset denied.

Defendant, Bothwell, relies also upon his plea of the four and ten-year statutes of limitation. As pointed out in the opinion upon original hearing, plaintiff, in the suit as originally filed, sought to foreclose the vendor's lien retained in the three notes in question against the 10.1-acre tract. The suit was between the original purchaser, Bothwell, and the holder of the notes. Bothwell had twice renewed the notes, and the foreclosure suit was filed within less than four years from the date of maturity as last extended.

■ It is elementary that the filing of a suit stops the running of limitation. By amendment the nature of the suit was changed by plaintiff as to the 10.1-acre tract from a foreclosure suit to a suit to recover the superior title to the land. The amended petitions were filed more than four years after the extended maturity date. The bank contends that the cause of action therein set up was not wholly based upon a new, distinct, or different transaction, and for this reason was not barred because of article 5539b, Supp. 1931 Vernon's Complete Texas Statutes, p. 443 (Vernon's Ann. Civ. St. art. 5539b). It is not necessary to determine this question, as the cause of action based upon the superior title plea was not barred for another reason urged by the bank.

■ The debt was not barred. It was kept alive by the two extensions procured by Bothwell and the filing of the suit. In Wier v. Yates (Tex. Civ. App.) 237 S. W. 623, the note and lien had been renewed. It was contended the superior title was barred four years after the maturity date of the note as given in the original contract. The contention was made by virtue of what is now article 5520, subd. 1, R. S. 1925. The Court of Civil Appeals overruled the contention, holding that as the note and lien were extended under the provisions of the article referred to before they became barred, the period of four years' limitation against the superior title was interrupted, and did not run again until the note matured under the terms of the extension. Application for writ of error was refused. Booty v. O'Connor (Tex. Civ. App.) 287 S. W. 282, followed Wier v. Yates, and further held that where the purchase money had not been paid, and the purchasers had not offered to do equity with reference to it, they might not defeat the

right of the holders of the vendor's lien by showing valuable improvements. Writ was refused in this case.

Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447, 452, has no application to the facts of this case. The notes there involved were barred when the 1913 amendment was adopted, and the foreclosure suit was filed more than a year after its adoption. No question of the right of the original vendor and vendee to renew and extend the debt by contract, as was done in this case, was involved. The following excerpt from the opinion shows the question there decided: "But when we come to examine paragraph (6) of this article as amended, we find an express reference to and remedy for the holders of the superior title to lands. This paragraph provided that one owning the superior title to land retained in any deed of conveyance, or his transferee, or those subsequently acquiring such superior title by transfer, should have 12 months after the act took effect within which to bring suit for the recovery of the land. This manifestly referred to those instances where the notes were barred *when* the act became effective, because the previous article (article 5694) did not bar this particular right, when the notes were still alive, until 4 years after they became due. This paragraph therefore provided a specific remedy for those holding the superior title to land retained in deeds of conveyance *when the notes were barred at the time the amendment became the law.*" (Italics ours.)

■ The bank was entitled to its relief by foreclosure until the debt was repudiated by Bothwell. On July 21, 1928, he procured his discharge in bankruptcy, and about three years later pleaded his discharge as a defense to the foreclosure suit. The bank then procured from Sears and wife, Bothwell's vendors, a deed which vested in it the superior title to the 10.1-acre tract, and by amended supplemental petition sued to recover the land. The repudiation accrued within less than four years before the filing of the bank's amendment. There had at that time been no irrevocable election to foreclose, nor had limitation barred the right to recover the land. There is no material distinction under the facts of this case between pleading limitation as in bar of the bank's right to foreclose, and discharge in bankruptcy, as a bar to such right. It is settled that by pleading limitation the maker of the note cannot defeat the action for the debt, and still claim the land under a contract with which he has refused to comply. Gardener v. Griffith, 93

Tex. 355, 55 S. W. 314; Walls v. Cruse (Tex. Com. App.) 235 S. W. 199.

It is obvious from what has been said in holding the bank's right to recover the land not barred under the four-year statute of limitation, that the right is not barred under the ten-year statute. Bothwell's possession is under an executory contract of sale. The purchase-money notes not being paid, and less than ten years having elapsed after his repudiation of the contract before the bank sued to recover the land, the ten-year statute does not apply. The bank's cause of action to recover the land was not barred by either the four or ten-year statute when it filed its amendment seeking such recovery.

There is no error in any of the remaining assignments warranting a reversal of the case. The reversal of that part of the judgment vesting title to the 10.1-acre tract was predicated upon the conclusion that the purchase-money notes had been fully discharged. It appears they have not been paid; also that the limitation statutes invoked are unavailing. The bank is therefore entitled to its relief.

The judgment on original hearing is set aside, and the judgments of the trial court and Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court.