### HALL et al. v. LOONEY et al.
### No. 1662.

Court of Civil Appeals of Texas. Eastland.
April 16, 1937.

Jackson & Richardson, of Longview, for appellants.

O. B. Pirkey, of New Boston, and Bruce Billingsley, of Houston, for appellees.

GRISSOM, Justice.

In August, 1935, Albert, Ritchie, and Vernie Hall filed this suit in trespass to try title to an undivided one half interest in a 350-acre tract of land in Bowie county, against Gus Looney, W. M. Walker, and the Federal Land Bank of Houston.

A jury was waived and the cause submitted to the court. Judgment was rendered for defendants, and plaintiffs have appealed.

The facts material to the decision are as follows:

(1) Title passed out of the state of Texas by patent duly issued and eventually vested in Handy Threadgill and wife, the common source of title herein. In February, 1910, Threadgill and wife, by general warranty deed, conveyed the land to R. A. and H. B. Hall, each taking an undivided one-half interest in the land, the Halls executing a vendor's lien note for the principal sum of $1,500, payable to the United States Investment Corporation, Limited, due January 1, 1915. The one-half interest acquired in the name of R. A. Hall became the community property of R. A. Hall and his then wife, Sarah Lillie Hall.

(2) December 14, 1914, R. A. Hall and H. B. Hall executed a deed of trust to secure said note and renewed said note making it become due January 1, 1920.

(3) In February, 1917, H. B. Hall died testate. His will was duly probated. R. A. Hall was appointed executor (not independent). By said will H. B. Hall's one-half interest in the land was devised to R. A. Hall and his family. R. A. Hall's family then consisted of his wife and the plaintiffs, and a daughter Lucille. Lucille died in 1918, being then 7 years of age. Sarah Lillie Hall died in December, 1919, intestate. In March, 1925, R. A. Hall married a second wife, Hattie Hall.

(4) No claim with reference to said $1,500 note was ever presented to R. A. Hall, as executor, nor was a claim allowed by the probate court.

(5) October 2, 1919, R. A. Hall, purporting to act individually and as executor, executed a contract with the Investment Corporation extending the time of payment of said note to January 1, 1925. No authority to so act as executor was given R. A. Hall by the probate court, nor by the will.

(6) March 18, 1925, the Investment Corporation transferred said note and lien to the Federal Land Bank of Houston.

(7) March 16, 1925, R. A. Hall and his second wife executed to said Land Bank

their deed of trust upon said land to secure a note of said date for $1,500, payable on the amortization plan in 69 semiannual installments. This note was given to renew and extend the prior note for the same amount and attempted to renew and extend all "liens, rights, titles and equities" securing said original vendor's lien note executed by H. B. and R. A. Hall.

(8) March 23, 1927, the Federal Land Bank of Houston assigned to Texarkana National Farm Loan Association installment No. 3 of said amortization note, amounting to $48.75, together with the lien securing said portion of said note.

(9) May 3, 1927, the trustee in said deed of trust sold said land for said delinquent installment of $48.75 to W. M. Walker, subject to said amortization note retained by the Federal Land Bank of Houston, and executed his deed thereto. No notice of said sale was given plaintiffs.

(10) In February, 1928, W. M. Walker, by special warranty deed, conveyed said land to Gus Looney, subject to the lien of the Federal Land Bank.

The above facts were agreed to. Evidence relative to other matters was submitted to the court. There are no findings of fact or conclusions of law in the record.

■ Upon the death of H. B. Hall, he having devised his interest in the land to R. A. Hall and his family, R. A. Hall and the members of his family held the land as tenants in common. The only surviving members of said family at the time of the institution of this suit were R. A. Hall and the plaintiffs.

■ Appellants contend that the acts of their cotenant, R. A. Hall, in extending the note and lien were not binding on them or their interest in the land, and that the sale did not therefore affect their interest therein. They quote from 38 Cyc. pp. 101, 102, as follows: "Under ordinary circumstances, neither tenant in common can bind the estate or person of the other by any act in relation to the common property not previously authorized or subsequently ratified (citing Thomas v. Morse, 80 Tex. 289, 16 S.W. 48; Torrey v. Martin (Tex. Sup.) 4 S.W. 642; Kirby v. Hayden, 44 Tex.Civ.App. 207, 99 S.W. 746; Hintz v. Krabbenschmidt (Tex.Civ.App.) 44 S.W. 38; Gillum v. St. L., etc., R. Co., 4 Tex.Civ. App. 622, 23 S.W. 716), for co-tenants do not sustain the relation of principal and agent to each other nor are they partners and the rule which prevents them from binding each other applies with greater force after the expiration of the co-tenancy. A contract by one co-tenant in relation to the whole estate being voidable at the election of his co-tenants not joining in said contract. But the contracting co-tenant himself may be bound."

But the Commission of Appeals in W. C. Belcher Land Mortgage Co. v. Taylor, 212 S.W. 647, 649, said: "At the date of the execution of the note and deed in trust, the property in its entirety was subject to the vendor's lien. Mrs. Taylor, as tenant in common with her children, in order to protect her interest, as well as that of her children, and save the property from threatened foreclosure, had the right to extend the time of payment of the debt, and to this end was authorized to execute a deed in trust binding her interest, though homestead, and also the interest of her children."

There is no material difference between the facts of that and the instant case. Under this decision the judgment of the trial court was correct. See, also, Belcher Land Mortg. Co. v. Taylor (Tex.Civ.App.) 173 S.W. 278, 280; Law v. Lubbock Nat. Bank et al. (Tex.Civ.App. writ. dis.) 21 S.W.(2d) 92, 95; 11 Tex.Jur. § 41, pp. 468, 469; Putty v. Putty (Tex.Civ.App.) 6 S.W.(2d) 136, 139; Bailey v. Laws, 3 Tex.Civ.App. 529, 23 S.W. 20, 23; 62 C. J. § 209, p. 534; 19 R.C.L. p. 468.

H. B. and R. A. Hall executed the original note and first extension. Subsequent extensions were executed by R. A. Hall after the death of H. B. Hall. The plaintiffs' rights in the land were subject to the debt and vendor's lien. It should be observed that when Hall devised the land to R. A. Hall and family, the purchase money had not been paid. R. A. Hall never completed payment of the purchase money, nor have the plaintiffs; neither do plaintiffs offer to pay anything in this suit, but seek to recover the land free and clear of debt. We think that at the time of the execution of the second and subsequent extensions by R. A. Hall he was authorized to act as he did. He was "the party * * * obligated to pay such indebtedness." Article 5522. In Howell v. Townsend (Tex. Civ.App. writ ref.) 217 S.W. 975, said statute (then article 5695) was construed as authorizing the original vendee and signer of a note ("the party * * * obligated to pay such indebtedness") to renew

a vendor's lien which had the effect of keeping the lien alive against the land of a subvendee who did not join in the execution of the renewal and extension agreement.

Also see Caffarelli Bros. v. Pearce et al. (Tex.Com.App.) 34 S.W.(2d) 813, 814; Stone v. Watt et al. (Tex.Civ.App.) 81 S. W.(2d) 552 (writ ref.); Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W. (2d), 722, 724; Thomas et al. v. Marmar et al. (Tex.Civ.App.) 38 S.W.(2d) 858; Jolly v. Fidelity Union Trust Co., 118 Tex. 58, 298 S.W. 530, 10 S.W.(2d) 539; Wilkinson v. First Nat. Bank of Crosbyton, 118 Tex. 202, 13 S.W.(2d) 346; Bothwell v. Farmers & M. State Bank & Trust Co. (Tex.Com.App.) 84 S.W.(2d) 229; Texas & N. O. Ry. Co. v. Kaderli (Tex.Civ.App.) 33 S.W.(2d) 832.

For the reasons stated, the judgment of the district court is affirmed.