The Wichita Valley Railway Company v. J. J. Nance.

No. 871.

1. **Common Carrier—Penalty for Nondelivery of Freight—True Weights**—In an action against a common carrier for the statutory penalty for withholding goods after tender of the freight charges due thereon, as shown by the bill of lading, it appearing that such bill stipulates that the weights therein named (on which the charges are estimated) are subject to correction, and the defendant denies the correctness of the stated weights, it is incumbent on plaintiff to plead and prove that the weights so named are the true weights.

2. **Same — Pleading Liability of Connecting Lines.**—Where goods have been shipped over connecting lines on a through bill of lading, plaintiff's petition against the delivering carrier must, by some allegation of partnership or other equivalent averment, show that the defendant is bound by the act of the initial carrier in executing the bill of lading; that defendant received and transported the freight and collected the charges will not suffice for that purpose.

APPEAL from the County Court of Baylor. Tried below before Hon. S. I. Newton.

*Bomar & Bomar*, for appellant.—1. A party seeking to recover a penalty for a railroad not delivering goods on payment of freight as expressed in bill of lading, must plead and prove that the weight as expressed in the bill of lading is the true weight of the goods, when shipped from beyond the limits of the State. Railway v. Looney, 85 Texas, 158.

2. Where one railroad executes a bill of lading over another, it must have authority to do so, and such authority must be pleaded. Railway v. Dwyer, 75 Texas, 572.

*D. A. Holman*, for appellee.—1. It is a fundamental rule, that if the principal elects to ratify any part of the unauthorized act, he must ratify

the whole of it. He can not avail himself of it so far as it is advantageous to him, and repudiate its obligations. Mech. on Agency, sec. 130.

2. It is equally axiomatic that "the ratification of an unauthorized act is deemed to be equivalent to a prior authority to perform it," and has a retroactive efficacy and relates back to the inception of the circumstances, and can not be revoked or recalled. Brock v. Jones, 16 Texas, 465; Story on Agency, secs. 242–250.

TARLTON, Chief Justice.—This appeal is from a judgment recovered by the appellee, as plaintiff, against the appellant, as defendant, under the provisions of article 4258a of our Revised Statutes, prescribing a penalty for withholding goods after tender of the payment of the freight due thereon as shown by the bill of lading.

The bill of lading pleaded and proved on the trial contained the stipulation that the weights therein named were subject to correction. The defendant denied the correctness of the weight recited in the bill.

Under such conditions, in order to recover the penalty prescribed by the statute, it is incumbent upon the plaintiff to plead and to prove that the weights stated in the bill of lading are the true weights of the freight in question. Railway v. Looney, 84 Texas, 259; Railway v. Nelson, 4 Texas Civ. App., 345. This the record shows the plaintiff failed to do.

We also think that for another reason the petition failed to show liability on the part of the defendant. The appellant, a delivering carrier, is not shown by any allegation of partnership, or by any equivalent averment, to have been bound by the act of the initial carrier, charged to have executed the bill of lading sued upon. The fact relied upon to show ratification, to-wit, that the defendant received and transported the freight and collected the charges, will not suffice for that purpose. Miller v. Railway, 83 Texas, 518.

The judgment is reversed and the cause emanded.

*Reversed and remanded.*

Delivered January 23, 1894.