LEONARDO GARZA V. D. SULLIVAN ET AL.

No. 555.

**Usurious Interest Defined—Double Recovery.**—Under Revised Statutes, article 2981a (Revised Statutes 1895, article 3106), authorizing a recovery of double the amount of usurious interest paid, such usurious interest means the amount in excess of the legal rate, and not the entire interest stipulated or paid.

APPEAL from Bexar.   Tried below before Hon. W. W. KING.

*Leonardo Garza, Jr.,* and *C. L. McGill,* for appellant.—Every contract made for or about any matter or thing which is prohibited and made unlawful by any statute, is in its inception a void contract, though the statute itself does not mention that it shall be so, but only inflicts a penalty on the offender, because a penalty implies a prohibition, though there are no prohibitory words in the statute. And no convention or act of the parties can validate such void contract, or make that legal which was before illegal.   Supp. Sayles' Civ. Stats., arts. 2979, 2981a; Kottwitz v. Alexander's Exrs., 34 Texas, 708; Hardin v. Trimmier, 3 S. E. Rep., 46; And. Law Dict., title "Void and Voidable," p. 1092; Bouv. Law Dict., title "Contracts," par. 17; 1 Pars. on Con., p. 456; Wait's Ac. and Def., p. 46; 9 Am. and Eng. Encyc. of Law, title "Illegal contracts," p. 880; Drury v. De Fontaine, 1 Taunt., 139.

*Ogden & Harwood,* for appellees.—1.   When usurious interest is contracted for and is paid, the contract is good for all that might be lawfully contracted for.   Building and Loan Assn. v. Robinson, 78 Texas, 163; Smith v. Stevens, 81 Texas, 461; Bank v. Dearing, 91 U. S., 29.

2.   Usurious interest is that amount paid or contracted to be paid in excess of the highest amount allowed by law.   Building and Loan Assn. v. Robinson, 78 Texas, 163; 2 Bouv. Law Dict., 629.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover of appellees double the amount of alleged usurious interest collected by appellees from appellant during the two years next preceding the filing of his petition.   Appellees answered by general demurrer and denial.   The demurrer was sustained, upon the ground that appellant was only entitled to recover double the amount of interest paid in excess of 10 per cent per annum, and that double such amount would be less than $200, and therefore not within the jurisdiction of the court.

When the contracts were entered into upon which it is alleged the usurious interest was paid, an agreement or stipulation for any rate of interest not exceeding 10 per cent per annum on the amount of the contract was lawful.   Rev. Stats., art. 2978.   Therefore, only so much of the interest stipulated or agreed upon as exceeded the rate of 10

per cent per annnm, the highest rate allowed by law, was usurious. It is only double the amount of usurious interest which one has paid that he is entitled to recover from the person who received the same. Rev. Stats., art. 2981a. And as double the usurious interest paid by appellant was, as shown by his petition, less than $200, the demurrer was properly sustained.

It may be observed that the articles preceding article 2981a do not specifically define usurious interest as it is implied they do by the article referred to. But we think it may be clearly deduced from the "preceding articles" and the decisions of the Supreme Court, that usurious interest is so much of the interest stipulated or agreed upon as exceeds the highest rate allowed by law. Bexar Building and Loan Assn. v. Robinson, 78 Texas, 163; Smith v. Stevens, 81 Texas, 461.

The language of the article upon which this suit is brought is similar to that of article 5198, United States Revised Statutes, under which it has been held, that only twice the amount of the interest paid in excess of the legal rate can be recovered, and not twice the amount of the entire interest. Bank v. Dearing, 91 U. S., 29; Bobo v. Bank (Tenn.), 21 S. W. Rep., 889; Hintermister v. Bank, 64 N. Y., 212.

There was no error in the judgment of the District Court, and it is affirmed.

*Affirmed.*

Delivered March 13, 1895.