### JOHN T. ROSETTI V. J. J. LOZANO ET AL.

No. 1142. Decided November 13, 1902.

1.—Usury—Recovery of Double the Payments—Procedure.

The right to recover back double the amount of usurious interest paid on a written contract (Revised Statutes, articles 3104, 3106) is available only in an action therefor and not upon a purely defensive pleading; but under our practice it may be enforced by pleading in reconvention, in answer to an action upon the contract. (P. 60.)

2.—Same—Pleading.

An answer to a suit upon a note which states in a general way the facts on which the right to recover back double the amount of usurious interest paid arises, with a prayer that it be allowed, is sufficient, when not excepted to, to constitute a cross-action coming within the meaning of the "action of debt" provided for in article 3106 of the Revised Statutes. (Pp. 60, 61.)

3.—Usurious Interest—Double Recovery—Payment of Principal.

The right to recover back double the amount of usurious interest paid arises when such payments are intentionally appropriated by the parties to its discharge, and the party paying is not required to discharge the principal debt due before he can enforce such recovery. (P. 61.)

4.—Usury—Double Recovery—Written Contract.

A note promising to pay $235 in one year, with 10 per cent interest from maturity, given for a loan of $200, was a written contract for a greater rate of interest than 10 per cent, within the meaning of article 3104, Revised Statutes, upon which double the interest paid could be recovered back, though it was not usurious upon its face. (P. 61.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Webb County.

*A. Winslow*, for appellant.—An answer in the nature of a cross-bill is bound by the same rules of pleading as a plaintiff seeking affirmative relief, for to the extent of his cross-bill he is before the court in the attitude of a plaintiff, and such cross-bill to be sufficient must contain a full and clear statement of the cause of action, and such other allegations pertinent to the cause as the defendants may deem necessary to sustain the particular defense set up in the cross-bill. Rev. Stats., arts. 3103, 3104, 3106; Quinlan's Estate v. Smye, 50 S. W. Rep., 1068; Roberts v. Coffin, 53 S. W. Rep., 597; Building Co. v. Rawlings, 62 S. W. Rep., 805; Investment Co. v. Grymes, 63 S. W. Rep., 860. The defendants having

failed to allege in their answer that the note sued on provided for the payment of a greater rate of interest than 10 per cent per annum, was insufficient in law to raise the issue of usury as a defense. Rev. Stats., arts. 3103, 3104, 3106; Quinlan's Estate v. Smye, 50 S. W. Rep., 1068; Roberts v. Coffin, 53 S. W. Rep., 597; Building Co. v. Rawlins, 62 S. W. Rep., 805; Investment Co. v. Grymes, 63 S. W. Rep., 860.

The note sued on stipulating only for interest at the rate of 10 per cent per annum, was not a usurious written contract within the purview of articles 3103, 3104, and 3106, Revised Statutes of Texas; nor was such instrument denounced by any of the provisions of our Constitution, and the court erred under the state of case made by the pleadings and evidence in not rendering judgment in the sum of $112.50 for appellant, with interest thereon and 10 per cent attorneys fees. Const., art. 16, sec. 11; Rev. Stats., arts. 3103, 3104, 3106; Quinlan's Estate v. Smye, 50 S. W. Rep., 1068; Roberts v. Coffin, 53 S. W. Rep., 597; Building Co. v. Rawlins, 62 S. W. Rep., 805; Investment Co. v. Grymes, 63 S. W. Rep., 860.

Under the facts found by the court, appellees were not entitled to an offset in double the amount of $87.50 which they had paid on the $200 loaned them by appellant, and the court erred under any phase of this case in allowing appellees an offset of $175. Const., art. 16, sec. 11; Rev. Stats., arts. 3103, 3104, 3106; Quinlan's Estate v. Smye, 50 S. W. Rep., 1068; Roberts v. Coffin, 53 S. W. Rep., 597; Building Co. v. Rawlins, 62 S. W. Rep., 805; Investment Co. v. Grymes, 63 S. W. Rep., 860.

*Nicholson & Mullally,* for appellees.—An answer pleading usury as a partial defense to an action upon a promissory note is not in the nature of a cross-bill or plea for affirmative relief. The plea of usury in such case is purely defensive in character; and the answer in this case sufficiently set forth the real facts attending the contract at its inception, showing that it was indirectly usurious.

Having found as a fact that $87.50 had been paid by the principal defendant as usurious interest on the note sued on, the court properly allowed double such amount as a credit on the note and gave judgment for the remainder of the amount actually loaned.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the Fourth District, as follows:

"The action was against appellee upon a note payable to appellant dated January 4, 1899, for $235, due one year after date, with 10 per cent interest per annum from maturity until paid, with provision for 10 per cent attorney's fees if placed in the hands of an attorney for collection after maturity. Appellee Ygnacio Lozano under oath pleaded: 'That he received from plaintiff $200 and signed the note for $235; that the extra $35 was the usurious interest for one year. That this device was a direct fraud resorted to by plaintiff to evade the usury laws. That at the expiration of the first year he paid plaintiff $35 again as interest

for the second year, and at the expiration of the second year he paid plaintiff $17.50 as interest for six months, all in pursuance of the agreement as evidenced by the note to charge $35 a year interest on the $200 loaned. That plaintiff has thus charged, received, and collected interest in excess of 10 per cent per annum. That defendant has paid plaintiff the sum of $87.50 usurious interest. That defendant prays that said payment be applied to the principal of said note; that defendant be allowed double the amount of the usurious interest so paid by him and the balance then found to be due defendant is ready and willing to pay. To this answer plaintiff filed supplemental petition.

"The facts as found by the trial judge in accordance with the testimony are as follows:

" 'On the 4th day of January, 1899, the plaintiff loaned to the defendant Ygnacio Lozano two hundred dollars in cash and received from the defendant the note sued on for $235, bearing interest at the rate of 10 per cent per annum after maturity one year from date. All of the defendants except Ygnacio Lozano being sureties on said note.

" 'On July —, 1899, the defendant paid plaintiff $17.50 for six months interest on said note, and thereafter four semi-annual payments of $17.50 each, were paid by the defendant and collected by the plaintiff as interest on said note.

" 'The total amount received by plaintiff from defendant as interest on said loan of $200 from July —, 1899, to July, 1901, being the sum of $87.50.'

"The trial court concluded the defendants are entitled to recover of plaintiff the sum of $175, being double the amount received as interest on the loan of $200, and the plaintiff should have judgment for the balance due on said note, to wit, $25 with six per cent interest thereon from date of judgment and all costs. And judgment was entered accordingly.

"Question. Were appellees, under the above facts, entitled to the credit upon the principal of double the sums that had been collected as interest? The question is asked in view of a decision of the Court of Civil Appeals for the Fifth District in the case of Cotton States Building Company v. Peightal, 67 Southwestern Reporter, 524, with which this court does not agree. We beg to refer also to Building and Savings Association v. Daugherty, 66 Southwestern Reporter, 131."

The question as put opens up every one upon which depends the defendant's right to recover double the amount of interest paid. The reference to the first case cited in the question indicates that the particular point upon which the decision of this court is desired is the one there decided by the Court of Civil Appeals of the Fifth District. But the question asked is much broader, and involves another which we deem it necessary to notice in order to avoid misapprehension. The statutory provisions under which the question arises are articles 3104 and 3106, Revised Statutes, as follows:

"All written contracts whatsoever which may in any way, directly

or indirectly, violate the preceding article by stipulating for a greater rate of interest than 10 per cent per annum shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered."

"If usurious interest, as defined by the preceding articles, shall hereafter be received or collected, the person or persons paying the same, or their legal representatives, may by action of debt, instituted in any court of this State having jurisdiction thereof, within two years after such payment, recover from the person, firm, or corporation receiving the same, double the amount of the interest so received or collected."

In our opinion, the recovery provided for in the latter article can only be had in "an action" therefor, and not merely by a purely defensive pleading setting up usury and payment. This right of recovery is a cause of action, and not a mere defense, and the statute which gives it prescribes that it is to be recovered in "an action of debt." Under the United States statute which, in very similar language, gives such a right of action against national banks, it is held by the Supreme Court of the United States that the only remedy is an original action for the penalty alone. Barnet v. National Bank, 98 U. S., 559. Many other cases to the same effect may be found cited in the annotation of the principal case in 9 Rose's Notes on United States Reports. As this is the construction of a Federal statute, it has been followed in this State in actions based on that statute. Huggins v. Bank, 6 Texas Civ. App., 34, in which a writ of error was refused by this court. The present action is governed by our own statute, in adopting which the Legislature must have had in mind the established principles and rules here in force governing forms of action and modes of proceeding.

By "action of debt" the Legislature did not, we think, mean to require that the action be technically that action known as such at common law, for the reason that we have no forms of action. Still it is true that the provision gives only a right to recover the penalty by some action for it, as for a debt. It does not follow, however, that an original action is essential. We have always had in use the plea in reconvention, by which a defendant may affirmatively assert against plaintiff a cause of action of his own, provided it has the necessary connection with that set up by the plaintiff. This, under our system, is a permissible way in which an action may be prosecuted, and we think it should be held that the Legislature contemplated that it might be adopted in cases like this, where plaintiff sues on the debt upon which he has received unlawful interest.

The defendant could not in this case recover the penalty claimed by him, in any way, without a basis in the pleading, and that basis must, in our opinion, be a plea sufficiently setting up a cross-action against plaintiff for the penalty. This court is not asked to decide as to the sufficiency of the pleading set forth in the certificate, but the question asked involves the further one, whether or not there was enough in the plea, when not excepted to, to support a judgment for the sum claimed by defendant; and we think there was. The facts upon which the right

arises are stated in a general way with a prayer that the amount be allowed. This was, we think, sufficient to admit evidence and support the judgment. Whether it was subject to special exceptions or not, is a question not before us.

The question referred to as decided in the first case cited is, whether or not a right of action for the penalty arises before the entire principal and usurious interest, besides, has been paid. In the case of Stout v. Bank, 69 Texas, 389, 390, the same question arose and was decided under the act of Congress before alluded to. The holding was that where the parties, as they did in this case, intentionally appropriate payments to the discharge of usurious interest, the right to the penalty arises and is fixed whether the principal debt has been paid or not. Nothing contrary to this was held in Loan Association v. Biering, 86 Texas, 476. The contract and transactions in that case took place before the Act of 1892, giving the penalty in question, was enacted, and consequently involved no such question as the one before us. The decision simply declared the rule previously established, that where usurious interest had been charged and paid, since no interest could be allowed, payments, though made as interest, were to be applied to principal.

It is urged by counsel for appellant that the statutory penalty can only be recovered where the contract is, as specified in article 3104, in writing, "stipulating for a greater rate of interest, etc." Whether this is true or not it is unnecessary to decide. The note did stipulate for the payment of usurious interest, in that it bound the borrower to pay $235 containing such interest upon the loan of $200.