This judgment finally disposes of the matter in controversy. The question has become moot. S. W. Telephone Co. v Galveston County (Tex. Civ App.) 59 S. W. 589; Electric Park Co. v. San Antonio Baseball Ass'n (Tex. Civ App.) 155 S. W. 1189; Whitesides v. Wood (Tex. Civ. App.) 210 S. W. 333; Jackson v. Daugherty (Tex. Civ. App.) 26 S. W. 1116; Lacoste v. Duffy, 49 Tex. 767, 30 Am.

Rep. 122; Ford et al. v. American Rio Grande Land & Irrigation Co. et al. (Tex. Com. App.) 285 S. W. 814; Richmond v. Hog Creek Oil Co. (Tex. Com. App.) 239 S. W. 904.

The parties having by agreement settled the matter in controversy, the writ of error should be dismissed, and it is so ordered.

### KUEHLER et al. v. TEXAS POWER CORPORATION. (Application No. 16391.)

Supreme Court of Texas. Feb. 6, 1929.

PER CURIAM. We think the temporary injunction was rightly refused, for the reasons given in paragraph 2 of the opinion of the Court of Civil Appeals, as published in 9 S.W.(2d) pages 436 and 437, although we are inclined not to agree with the construction given to article 7584 (Rev. St.) by that court as applied to the water wheel.

### YONACK et al. v. EMERY. (No. 1183–5178.)

Commission of Appeals of Texas, Section A. Feb. 13, 1929.

Emil Corenbleth and Geo. T. Burgess, both of Dallas, for plaintiffs in error.

Geo. Clifton Edwards, of Dallas, for defendant in error.

CRITZ, J. We copy the following preliminary statement as set out in the application for the writ:

"The appellee, C. A. Emery, filed his suit alleging that he was the owner of the property in controversy, and that Julius Yonack and Jacob Yonack are the owners of a certain note, dated November 3, 1925, for $2,000.00 payable $50.00 per month and interest, secured by a deed of trust upon said property; that Wm. T. Sargeant is Trustee in said Deed of Trust and at the request of Yonack Brothers posted notices for the sale of the property under said Deed of Trust, default having been made in the payment of said note; that the $2,000.00 note was a usurious contract and was void to the extent of $540.00 in that plaintiff only received $1,460.00 on the note. That Yonack Brothers had knowledge of the facts which constituted usury. That upon the whole principal of $1,460.00, plaintiff has paid to Yonack Brothers the aggregate sum of $1,149.78, of which sum Yonack Brothers have applied $410.00 to the payment of principal and are now seeking to compel plaintiff to pay $1,050.00 in addition. That the difference in the $1,149.78 paid by plaintiff and the $410.00 applied by defendants to the principal is the sum of $739.78, which amount was applied by defendants to interest, whereby the defendants have become liable to plaintiff in twice said amount, or $1,-479.56, as penalty under the statute. That the application by defendants of $410.00 to the payment of principal left the plaintiff with an offset against defendants and said penalty of $1,479.56, less $1,050.00, and the defendants are indebted to plaintiff in the sum of $1,479.56, less said sum of $1,050.00, or a net sum of $429.56, for which plaintiff prayed judgment; and that by reason thereof that plaintiff is entitled to the cancellation of said note and deed of trust. Upon the presentation of the petition the Court below granted a temporary injunction enjoining the appellants herein from selling said property under the terms of said deed of trust. Defendants answered and also filed a motion to dissolve the temporary injunction, in both the motion and answer excepting to the petition and to the granting of the injunction because plaintiff having appealed to a Court of Equity to be relieved against the alleged usury and admitting an indebtedness would be compelled to tender the amount admitted into the registry of the court, and would not be permitted to cancel the debt by offsetting against the same the alleged penalty sought to be recoverd. Plaintiff filed exceptions and an answer to the motion of defendants. The Court refused to consider the motion of the defendants and sustained the demurrer and exceptions of the plaintiff thereto, to which action of the Court the defendants excepted and gave notice of appeal and perfected their appeal to the Court of Civil Appeals."

The honorable Court of Civil Appeals for the Fifth district at Dallas affirmed the judgment of the trial court, and the cause is now before this court on writ of error granted on application of Yonack et al.

To restate this case in as simple language as possible: Emery brings the suit, and alleges that there is due Yonack et al. on the principal of the note in question $1,050; that he has paid usurious interest on said note to the amount of $739.78; and that therefore Yonack et al. have become liable to plaintiff under the statute, in "an action of debt," for twice the amount of the usurious interest collected, $1,479.56. Emery asks for judgment for the said sum of $1,479.56, and offers to credit on said judgment the $1,050 due on the principal of said note, thus leaving a net judgment prayed for by Emery of $429.56. Emery alleges that the note in question is secured by deed of trust on property belonging to him in Dallas, Tex., and that Yonack et al. have advertised, and are about to sell, said property under said deed of trust, and asked, and obtained, in the trial court, temporary injunction restraining the sale of the property under the deed of trust pending the outcome of the litigation. The record as it stands before us shows that Yonack et al, are still demannding that the original usurious contract be carried out in all of its terms.

Under the further allegations of the petition, Yonack et al. will sell the property in the deed of trust before the rights of the parties can be adjudicated, if the temporary injunction is dissolved.

Yonack et al. presented motion to the trial court to dissolve the injunction on the ground that Emery, having appealed to a court of equity to be relieved against the alleged usurious contract, and admitted his indebtedness, should be compelled to tender the amount admitted unpaid to the registry of the court, and should not be permitted to cancel the debt by offsetting against the same the alleged penalty sought to be recovered. By proper assignment this is the question presented to the Supreme Court for decision.

We are unable to accede to the contention of Yonack et al. and we are of the opinion that, even if the rule in chancery is as contended for by them, such rule has no application to our remedial system. In fact, the contrary has been held by our Supreme Court. Spann v. Sterns, 18 Tex. 569; Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204.

We are further of the opinion that the rule in force in this state as applied to the facts of this case is as follows:

In a case where the borrower has paid usurious interest on a debt secured by a deed of trust, and sues the usurers in action for debt under the statute, for twice the usurious interest they have collected, which amounts to more than the amount due and owing on the principal debt, and the debtor tenders to the usurers as an offset the amount unpaid on the principal, and prays judgment for the excess only, and cancellation of the deed of trust, and where the usurers are still demanding full compliance with the original usurious contract, and are about to cause the sale of the borrower's property under said deed of trust, and at no time before the filing of the suit, nor in their pleadings in the suit, have waived their usurious claims, it is right, under the statutes and decisions of this state, for the trial court to grant and maintain a temporary injunction to prevent said sale and to keep matters in statu quo until the trial can be had on the merits. Article 16, § 11, Texas Constitution; R. C. S. of Texas, arts. 5071, 5073, and 4642, §§ 1, 2, and 3; Spann v. Sterns, 18 Tex. 556.

Section 11 of article 16 of our state Constitution, with regard to usury, recites:

"All contracts for a greater rate of interest than ten per centum per annum shall be deemed usurious, and the first legislature after this amendment is adopted shall provide appropriate pains and penalties to prevent the same; but when no rate of interest is agreed upon, the rate shall not exceed six per centum per annum."

Articles 5071 and 5073, R. C. S. 1925, which have to do with putting into effect and enforcing our constitutional provisions in regard to usury, read as follows:

"Art. 5071. The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten per cent. per annum on the amount of the contract; and all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered."

"Art. 5073. Within two years after the time that a greater rate of interest than ten per cent. shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made."

Article 4642, pars. 1, 2, and 3, which have reference to injunction, reads as follows:

"Art. 4642. Judges of the district and county courts shall, in term time or vacation, hear and determine applications for and may grant writs of injunction returnable to said courts in the following cases:

"1. Where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him.

"2. Where a party does some act respecting the subject of pending litigation or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant when said act would tend to render judgment ineffectual.

"3. Where the applicant shows himself entitled thereto under the principles of equity, and the provisions of the statutes of this State relating to the granting of injunctions."

Under section 11 of article 16 of our Constitution, above quoted, all contracts for a greater rate of interest than 10 per cent. per annum are deemed usurious, and it is made the duty of the Legislature to provide appropriate pains and penalties to prevent usury. Under article 5071 it is provided that the parties may agree to and stipulate for any rate of interest not exceeding 10 per cent. per annum, and that all written contracts which in any way, directly or indirectly, provide for a greater of interest, shall be void and of no effect for the amount of the value of the interest only, but the principal sum may be received and recovered. Under article 5073 above quoted it is provided that, where a greater rate of interest has been received or collected than allowed by law, the person paying the same. etc., may by *"an action of*

# 670

*debt*" (italics ours), recover double the amount of such interest, etc. Under article 4642, R. C. S., above quoted, it is certainly within the power of the trial court to grant and maintain a temporary injunction, when the applicant has shown a right thereto and a necessity therefor under the provisions of the statute.

In Spann v. Sterns, 18 Tex. 556, supra, it is shown:

"Suit by appellant, Eleanor Spann, against appellees, Elam Stockbridge and Melinda Stockbridge, administrators of Christopher H. Sterns. The original petition was filed Nov. 13th, 1855, and alleged several loans of money by Sterns to plaintiff, to secure which plaintiff gave deeds of trust on property with power to sell; alleged payments in money, and transactions in other property entitling plaintiff to credits; alleged special confidence in Sterns and afterwards in defendants; that plaintiff had kept no account, and that the defendants refused to account; alleged that defendants demanded interest at twelve per cent. per annum, whereas they were only entitled to eight; and that defendants were proceeding to execute the power of sale in the last deed of trust. It did not allege usury. It concluded with the following prayer: The premises considered, petitioner prays that your honor will grant a writ of injunction enjoining and restraining the said (administrators and trustees) and all other persons acting under them or by their authority, from making said sales; that they may be cited to appear at the next term of the district court of Galveston county, and answer this petition; that an account may be taken of all the matters and business transactions between petitioner and said estate; that the balance due by petitioner may be judiciously ascertained, and which amount she is ready and willing to pay; and that if her said property or any portion must be sold, that no more than may be sufficient to satisfy and pay such balance may be sold, and that petitioners may have all such other and further relief in the premises, as justice may require and the law ordain.

"On the 3d of June, 1856, defendants filed a general demurrer to the petition, and for special cause assigned—

"1st. The petition on its face shows that there is a large amount due from plaintiff on the obligations therein mentioned as having been given to Christopher H. Sterns.

"2d. The petitioner asks for the interposition of the court, yet she does not do, or offer to do equity by paying, or tendering the payment of what, by her own showing, she honestly owes.

"June 5th, 1856, plaintiff filed an amendment to her petition in which she recapitulated the allegations of the original, and in addition thereto charged that usurious interest at the rate of twenty-five per cent. per annum had been exacted of her, and included in each of the said contracts of loan, by said Sterns; alleged that the said Sterns, by his illegal and usurious reservation and taking of interest over and above the maximum rate allowed by law, has forfeited and lost all claim to any interest whatever on the forbearance and giving day of payment on the said sums so loaned by him to the said plaintiff, as aforesaid; and the said plaintiff claims and insists upon the right to recoup the sums so paid for interest, etc.; prayer as follows: Wherefore the said plaintiff prays in addition to the prayer made in and by her original petition, that the interest included in the principal sums mentioned and specified in the said promissory notes may be deducted therefrom, and that all sums of money now due, as well as that paid for interest in the settlement and discharge of the note bearing date the 26th day of February, A. D., 1852, for twelve hundred and twenty-six dollars and seventy cents may be recouped and applied to the satisfaction and discharge of the principal sums actually lent and due upon the notes and deed of trust which the said defendants are now seeking to enforce; and for such other and further relief, etc.

"June 17th, 1856, case called, and demurrer to the petition sustained," etc.

Under the above facts, our Supreme Court, speaking through Justice Wheeler, lays down the rule that the offer to do equity in a case of this kind does not consist in, or require the actual payment, or tender of payment, of what is admitted to be due, nor that it should be brought into court. In the Spann Case, as shown by the preliminary statement, usury was involved, and an injunction sought, and it was held that the old chancery rule, requiring tender of principal and legal interest thereon, did not prevail under the Texas laws, and that all that was necessary was to offer to pay the principal, which was admitted in that case to be due. Justice Wheeler then very clearly announces the rule in force in this state in the following language:

"It thus appears that the rule in chancery depends upon the peculiar constitution of that court. And it rests upon reasons and principles which, if properly applicable to a case like the present, under our statute, even in a court of chancery, manifestly have no application to our remedial system. The statute, in the first place, does not prescribe any penalties, except the loss of the interest, to which the party might have been entitled, but for his attempt to obtain more than the law allows him to contract for and recover. But if the statute did impose penalties, our courts are courts of law as well as equity; and have the power which the courts of chancery in England and the several states have not. of decreeing forfeitures and penalties; and there is therefore no occasion for the plaintiff to waive the penalty of the forfeiture of interest, and offer to pay it. * * *

"The general rule is, that, equity follows

the law; and when the question arises in a court of law, whether a statute shall be enforced, according to its letter and spirit, it would seem not to admit of doubt, or question, that the court must enforce it, and can have no discretion to dispense with any of its provisions in one case more than in another. It cannot be denied that it is the duty of the courts to carry out the legislative intention as expressed in their enactments, and to effectuate the object and policy of the law. And in our remedial system it can make no difference what attitude the parties occupy upon the record, whether as plaintiffs or defendants, as respects the power and duty of the court to administer the relief to which they are legally entitled. There can be no reason why a party should avoid the consequences of his usurious bargain, merely because of the forms in which he had clothed it; and because these enable him to occupy the attitude of a defendant instead of a plaintiff, upon the record. Nor can the plaintiff here be denied any right, which she would have if the form of the security had been such as to compel the defendant to come into court to enforce it. Our law disregards forms, and looks only to matters of substance. It allows a defendant to reconvene and assume the attitude of a plaintiff, and to place the plaintiff in that of a defendant, and administers justice between the parties according to the law and right of the case, without stopping to inquire which of them it was that first asked the aid of the court. When before the court, it will adjudicate upon their rights, according to the law of the land; and if it appears that one of them is seeking to enforce a usurious and void contract or deed, there is no principle upon which the court can refuse to relieve against it. There would be just as much reason to deny the right to a defendant to plead that defense in order to prevent the recovery of usury in a judgment which may be enforeced by execution, unless upon terms, as to deny the right to one who has given a security, which, as has been said, will execute itself, or which the parties may enforce without the aid of the court, to ask the court to prevent its execution or enforcement, unless upon such terms as the court may impose. To admit the right in the one case and deny it in the other would be to make the rights of parties depend on the form of the proceeding, instead of the rights of the parties; which would be subversive of the first principles of our remedial system."

It will be noted that in the Spann Case the statute as it then existed was the act approved January 18, 1840, which provided that the contract was void for the whole of the premium or rate of interest only, but the principal sum of money, etc., may be received and recovered.

The part of the act directly involved was section 4 thereof, which reads as follows:

"Section 4. Be it further enacted, That all contracts or instruments of writing whatsoever, which may, in any way, directly or indirectly, violate the foregoing provisions of this act, by stipulating for allowing or receiving a greater premium or rate of interest than twelve per centum per annum, for the loan, payment or delivery of any money, goods, wares, merchandise, bonds, notes of hand, or any commodity, shall be void and of no effect for the whole premium or rate of interest only, but the principal sum of money, or the value of the goods, wares, merchandise, bonds, notes of hand or commodity, may be received and recovered." Gammel's Laws of Texas, vol. 2, p. 182.

In the Spann Case, only the forfeiture of the interest was involved, and the Supreme Court, speaking through Justice Wheeler, in effect held that under our system of practice all the rights of the parties could be adjusted in one suit. This case also holds that in a suit involving an injunction the full rights under the statute, which was the forfeiture of the interest, could be decreed.

In Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204, it is shown that the plaintiffs loaned the defendant $200 in cash, and received a note for $235, bearing interest at the rate of 10 per cent. per annum after maturity, one year from date. The defendant paid $17.50 for 6 months' interest on said note, and thereafter four semi-annual payments of $17.50 each were paid by the defendant and collected by the plaintiff from the defendant as interest on said loan of $200, being the sum of $87.50.

The trial court concluded that the defendants, who were the borrowers, were entitled to recover the sum of $175, being double the amount received as interest on the loan of $200, and that the plaintiff should have judgment for the balance due on said note, $25, with 6 per cent. interest thereon from date of judgment. Our Supreme Court, speaking through Justice Williams, affirmed the above conclusion of the trial court, and in said opinion used the following language:

"In our opinion, the recovery provided for in the latter article [referring to present Article 5073] can only be had in 'an action' therefor, and not merely by a purely defensive pleading setting up usury and payment. This right of recovery is a cause of action, and not a mere defense, and the statute which gives it prescribes that is to be recovered in 'an action of debt.' Under the United States statute which, in very similar language, gives such a right of action against national banks, it is held by the Supreme Court of the United States that the only remedy is an original action for the penalty alone. Barnet v. National Bank, 98 U. S. 559 [25 L. Ed. 212]. Many other cases to the same effect may be found cited in the annotation of the principal case in 9 Rose's Notes on United States Reports. As this is the construction of a Federal statute, it has been followed in this State in actions based on that statute. Huggins v. Bank, 6

Tex. Civ. App. 34 [24 S. W. 926], in which a writ of error was refused by this court. The present action is governed by our own statute, in adopting which the Legislature must have had in mind the established principles and rules here in force governing forms of action and modes of proceeding.

"By 'action of debt' the Legislature did not, we think, mean to require that the action be technically that action known as such at common law, for the reason that we have no forms of action. Still it is true that the provision gives only a right to recover the penalty by some action for it, as for a debt. It does not follow, however, that an original action is essential. We have always had in use the plea in reconvention, by which a defendant may affirmatively assert against plaintiff a cause of action of his own, provided it has the necessary connection with that set up by the plaintiff. This, under our system, is a permissible way in which an action may be prosecuted, and we think it should be held that the Legislature contemplated that it might be adopted in cases like this, where plaintiff sues on the debt upon which he has received unlawful interest. * * *

"The question referred to as decided in the first case cited is, whether or not a right of action for the penalty arises before the entire principal and usurious interest, besides, has been paid. In the case of Stout v. Bank, 69 Tex. 389, 390, the same question arose and was decided under the act of Congress before alluded to. The holding was that where the parties, as they did in this case, intentionally appropriate payments to the discharge of usurious interest, the right to the penalty arises and is fixed whether the principal debt has been paid or not. Nothing contrary to this was held in Loan Association v. Biering, 86 Tex. 476 [25 S. W. 622, 26 S. W. 39]. The contract and transactions in that case took place before the Act of 1892, giving the penalty in question, was enacted, and consequently involved no such question as the one before us. The decision simply declared the rule previously established, that where usurious interest had been charged and paid, since no interest could be allowed, payments, though made as interest, were to be applied to principal."

We can see no substantial difference in the case of Rosetti v. Lozano above cited and the case at bar. In fact, an examination of the facts of the case at bar with the facts of Rosetti v. Lozano shows a remarkable similarity, as shown by the following comparisons:

(a) In Rosetti v. Lozano, Lozano was the borrower. He got from the usurer $200, which was the real and only principal, but the note was for $235. In the case at bar, Emery got from the usurer $1,460, which was the real and only principal, but the note was executed for $2,000. The Supreme Court held that the note in the Rosetti Case was usurious as a matter of law. The note in the case at bar, under the pleadings, is also usurious as a matter of law.

(b) In the Rosetti Case, Lozano had paid $87.50 usury. In the case at bar Emery has paid $739.78 usury.

(c) In both the Rosetti Case and the case at bar, the borrowers sued for the statutory penalty, twice the amount of usurious interest paid, and in the Rosetti Case our Supreme Court held that Lozano was entitled to recover twice the amount of usurious interest paid. Certainly in the case at bar Emery is entitled to the same relief.

(d) In the Rosetti Case, the borrower received credit for the penalty due him on the amount claimed by the money lender, and judgment for the balance was in favor of the money lender, and this simply because the interest and penalty did not amount to as much as the original debt. In the case at bar, the penalty due Emery is sufficient to wipe out the balance due the money lender on the original debt, and to leave a net balance for judgment in favor of the borrower.

The principle of law in the two cases is, to our minds, identical. In the Rosetti Case the lender brought the suit, and in the case at bar it is brought by the borrower, but, under our system of practice, this is absolutely immaterial, because, as said by Justice Wheeler in Spann v. Sterns, supra:

"There can be no reason why a party should avoid the consequences of his usurious bargain, merely because of the forms in which he has clothed it; and because these enable him to occupy the attitude of a defendant instead of a plaintiff, upon the record."

The statute under consideration in the Rosetti Case is R. C. S. of Texas 1895, arts. 3104, 3106, which is substantially, if not exactly, the same as the present statute.

We are therefore of the opinion that, if Yonack collected from Emery usurious interest to the amount of $739.78 Emery would have the right, under our statutes, "by an action of debt," to recover twice the amount of the usurious interest, or $1,479.56, and, as held by Judge Williams in the Rosetti Case, this right is fixed by the payment and appropriation of the usurious interest whether the principal has been paid or not. We are further of the opinion, that, as Emery offers to credit said amount by the principal of said debt, he has offered to do equity under the rule in force in this state. We are further of the opinion that the temporary injunction was properly granted, and should be kept in force pending the adjudication of the matters involved in this suit.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.