SCHMIDT et al. v. CITIZENS INDUSTRIAL BANK OF AUSTIN.

No. 8131.

Court of Civil Appeals of Texas. Austin.

Nov. 20, 1935.

Williams & Williams, of Austin, for appellants.

Yelderman & Yelderman, of Austin, for appellee.

BLAIR, Justice.

Appellee, Citizens Industrial Bank, sued appellant Richard Schmidt as maker, and appellants Walter Schmidt and Joseph P. Byrne, Jr., as comakers on their promissory note for $275, payable to appellee, and for $40 attorney's fees and interest. Richard Schmidt answered that the note provided for interest in excess of 10 per cent. per annum, and was therefore void as being a contract for usurious interest and could not furnish any proper basis for a suit upon the note. That appellee was incorporated under the provisions of articles 542 to 548, R.S. 1925; and that the whole transaction was ultra vires of its corporate powers, because said statutes prohibited appellee from charging more than 6 per cent. interest. Appellants Walter Schmidt and Joseph P. Byrne, Jr., answered that they were accommodation indorsers and sureties, and that because of the usury inherent in the note, and because the transaction was ultra vires the corporate powers of appellee, the same was void and that they were not liable on the void contract, and were not liable for the debt, not having otherwise contracted for it in writing. That after they signed the note as accommodation indorsers and sureties, appellee materially changed and altered the loan transaction without their knowledge or consent, in that Richard Schmidt was only loaned $247, instead of $275, as evidenced by the face of the note, which action of appellee released and discharged them from liability thereon. By way of cross-action, Richard Schmidt sought to recover double the amount of the alleged interest paid by him to appellee on the loan transaction. In reply, appellee alleged that as a part of the loan transaction it deducted $28 from the face of the note, and charged the account on its books with $16.50 as interest, $5.60 for death cancellation insurance in connection with the loan, and $6 as an investigation fee; that if the loan contract was usurious or ultra vires, appellants were jointly and severally liable for the $247 actually paid to Richard Schmidt on the note and for reasonable attorney's fees in the sum of $40, and for the $6 investigation charge.

A trial to the court without a jury resulted in judgment for appellee against appellants, jointly and severally, for $247. No statement of facts was filed and the appeal and cross-appeal are predicated upon the findings of fact and conclusions of law by the trial judge. He found that the note in suit was for the sum of $275, payable in ten equal monthly installments of $27.50, the first being due on October 15, 1931, and one due on the 15th of each month thereafter until all installments were paid; and provided that for the failure to pay any monthly installment when due the holder was authorized to declare all installments due and payable. That no installment or payment was ever made on the note. That appellee deducted $28 from the face value of the note and delivered to Richard Schmidt, the maker, only $247. That the $28 was used or charged on appellee's books to pay $16.50 as interest, $5.60 for death cancellation insurance, and $6 as an investigation charge; but that the insurance charge was not authorized and the investigation charge was not incurred, and that the entire $28 was in fact deducted from the note as interest on the loan. The trial judge also found that no attorney's fees were due, and that no other expenses were made by appellee on account of the loan; and concluded that the deduction of the $28 from the note constituted a usurious contract for interest; that the deduction of the $28 was not a payment of interest, but was a contract to pay usurious interest; and accordingly the court refused to render judgment for double the amount of usurious interest paid, and rendered judgment for only the $247 actually delivered to Schmidt on the loan contract.

Appellee admitted in the trial court and admits in its brief that the deduction of the $28 from the note constituted a contract for usurious interest; that the deduction of even the $16.50 would have rendered the contract for interest usurious under the acceleration of payment authorized by the terms of the note. It also admitted that the statutes under which it was incorporated prohibited it from charging interest in excess of 6 per cent. But by its pleadings, and by cross-assignments of error here presented, appellee contends that it was also entitled to recover $40 as

attorney's fees and $6 as an investigation fee made in connection with the loan. The note provided for reasonable attorney's fees, and appellee alleged that $40 was a reasonable attorney's fee, and that it had contracted to pay its attorneys of record that amount. The trial court found that no attorney's fee should be paid; and since there is no statement of facts, this finding and conclusion of the trial court is conclusive of the issue. The same is true with reference to the investigation charge of $6. The trial court found that it was not incurred in connection with the loan, and therefore refused to allow it. In absence of a statement of facts showing the contrary, this finding is conclusive of the issue.

■ Appellants contend that because the contract for usurious interest was inherent in the note, the whole loan contract was void and unenforceable, and that our Constitution and statutes so provide. By specific language, both the Constitution and the statutes in aid thereof make only the portion of the loan contract for usurious interest void. Article 16, § 11, of the Constitution provides that "all contracts for a greater rate of interest than ten per centum per annum, shall be deemed usurious"; and authorizes the Legislature to provide penalties to prevent the charging of usurious interest. Article 5069, R. S. 1925, defines interest and usury, and provides that "all contracts for usury are contrary to public policy and shall be void." And article 5071, R. S. 1925, provides that the parties may agree in writing for interest not in excess of ten per cent. per annum; that contracts for "a greater rate of interest shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered." Prior to the enactment of these statutes, it was held that a contract for usurious interest was void under the Constitution, but that legislative aid was necessary to give any legal rights under such a contract. Watson v. Aiken, 55 Tex. 536. Since the aforementioned statutes were enacted, the courts hold that action may be maintained on the usurious note, and if usurious interest has been paid, double the amount paid may be collected; if the interest has not been paid, it may be deducted from the principal of the debt. Yonack v. Emery (Tex.Com.App.) 13 S.W.(2d)

667, 70 A.L.R. 684. Among the numerous cases holding that a usurious contract is void as to the interest only are: Whitlow v. Culwell, 16 Tex.Civ.App. 266, 40 S.W. 642; Hennessy v. Clough (Tex.Civ.App.) 40 S.W. 157; Garza v. Sullivan, 10 Tex.Civ.App. 189, 30 S.W. 240; Ledbetter v. First Nat. Bank (Tex.Civ.App.) 31 S.W. 840; Roberts v. Coffin, 22 Tex.Civ.App. 127, 53 S.W. 597; Bowman v. Bailey (Tex.Civ.App.) 203 S.W. 922; Clayton v. Ingram (Tex.Civ.App.) 107 S.W. 880; Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A.L.R. 1269.

■ Since the statutes authorize and the courts hold that action may be "on the usurious note" for the amount of the principal due, it follows that appellants' contention that the accommodation indorsers and sureties are not bound to repay the principal is without merit. In C. C. Slaughter Co. v. Eller (Tex.Civ.App.) 196 S.W. 704, 708 (writ ref.), it was held, as follows: "If the contract be usurious we do not understand that the sureties would be entirely discharged, but would be liable for the payment of the principal."

■ But appellants contend that since appellee was incorporated under articles 542 to 548, which provide that it shall not charge interest in excess of 6 per cent. per annum, the contract in suit for an interest charge greater than 6 per cent. and for death cancellation insurance on the life of Richard Schmidt, is ultra vires appellee's corporate powers, and void because in violation of the statutes. The contention is without merit. The ultra vires portion of the contract (for usurious or excessive interest and for insurance) was not enforced. The trial court only enforced the loan contract for the $247 actually paid to Richard Schmidt on the note. Appellee had the authority to lend money and its contract to lend the $247 was valid. The fact that the interest and insurance charges, which were not enforced, were ultra vires appellee's corporate powers will not defeat the obligation of appellants to repay the $247 which appellee lawfully paid to Richard Schmidt on the note. The courts even go further and hold that although a corporation has no authority to lend money, and is expressly prohibited by statute from doing so, still the "party borrowing money * * * and executing a note therefor, is estopped from denying the power of the corporation to

loan the money when it sues for its recovery." Bond v. Terrell, etc., Mfg. Co., 82 Tex. 309, 18 S.W. 691; Commercial Guaranty State Bank v. City of Longview (Tex.Civ.App.) 11 S.W.(2d) 217; Lange Soap Co. v. Wood (Tex.Civ.App.) 269 S.W. 851; Desdemona State Bank & Trust Co. v. Streety (Tex.Civ.App.) 250 S.W. 286; Trammell v. San Antonio Life Ins. Co. (Tex.Civ.App.) 209 S.W. 786 (writ refused). So, it is manifest that appellants are bound on their note for the amount of money lawfully paid to Richard Schmidt on the faith of their signatures thereto, obligating them to pay the note.

■ Appellants further contend that since Walter Schmidt and Joseph P. Byrne, Jr., signed a note for $275 as accommodation comakers with Richard Schmidt, for a loan of $275, by appellee to Richard Schmidt, and only $247 was actually loaned on the note, a material change or alteration of the transaction resulted, discharging and releasing them from liability. We do not sustain the contention. As hereinabove held, the deduction of interest in advance from the face of the note, even though the deduction constitutes a contract for usurious interest, does not change or alter the obligation for the money actually loaned or paid on the note; and all signers, whether makers, comakers, or accommodation indorsers or sureties, are bound by the terms of the note, except as to the usurious interest contracted for, which may be and was deducted from the principal as represented by the face of the note. Walter Schmidt and Joseph P. Byrne, Jr., signed the note as "comakers," their names appearing below the name of "Richard Schmidt, maker"; who took the note and three days later delivered it to appellee and received $247 thereon. That is all the findings of fact of the trial judge show. These parties neither pleaded nor proved, so far as the record shows, any fact which would tend to show that they signed the note for any purpose but as comakers or sureties, and which would bring them within the rule announced in the case of Rabb v. Seidel (Tex.Com.App.) 250 S.W. 420. In that case the comaker of the note lent his name with the understanding that the money would be used for a certain purpose; and the rate of interest and details had been agreed upon by the makers and payees, and the payees were interested in the project for which

the loan was made; but instead of advancing the money themselves, they indorsed the $10,000 note without recourse, and delivered it to one of the makers, who pledged it as collateral security for a loan on his note for $6,000. The court in holding that there had been no legal delivery of the note to the named payees say: "We can conceive that one might be willing to sign a note as surety for $10,000, and unwilling to sign as surety for a less sum"; where the larger sum would enable the maker to develop an enterprise, but the smaller sum would not enable him to do so. No such issue is involved in this appeal. The note in suit only provided for interest after maturity, and certainly the comakers would be presumed to know that interest for the period would be deducted from the note in advance; and the fact that the amount deducted constituted a contract for usurious interest did not alter or change the note, or increase the liability of the comakers in any respect; because they are only liable for the amount of money actually paid to the maker on the note.

■ Nor do we sustain the contentions of appellants that the deduction of interest in advance from the face of the note constituted a payment of the usurious interest, so as to authorize the recovery of double the amount so paid. There seems to be no Texas case directly in point; but the Commission of Appeals held in the case of Yonack v. Emery, supra, that where the interest has been paid, double the amount paid may be collected; if the interest has not been paid, it may be deducted from the principal of the debt. But one reasonable conclusion can be drawn from this language; that is, if the interest has been merely contracted for, only that amount may be deducted from the principal debt. The authorities of other jurisdictions seem to be uniform in holding "that the mere reserving of a discount or the including of accrued usurious interest in a renewal note, while it may be the 'reserving or charging' of usury, it is not the 'paying' of same." McCarthy v. First Nat. Bank, 23 S.D. 269, 121 N.W. 853, 856, 23 L.R.A. (N.S.) 335-345, 21 Ann.Cas. 437, and cases cited. The Supreme Court of South Dakota in the McCarthy Case, supra, made the following statement:

"The courts also uniformly hold that the including of interest in a renewal note is

not a payment of such interest so as to entitle maker to sue for the penalty provided for payment. Neither is the deduction of a discount from the amount of the note, taken at the time of giving the note, a payment of such discount so as to authorize a suit for the penalty providing the amount of the discount is usurious."

Supporting this view are the cases of Brown v. Marion Nat. Bank, 169 U.S. 416, 18 S.Ct. 390, 42 L.Ed. 801; McBroom v. Scottish Mortgage & Land Inv. Co., 153 U.S. 318, 14 S.Ct. 852, 38 L.Ed. 729.

The judgment of the trial court will be affirmed.

Affirmed.