CITIZENS' INDUSTRIAL BANK OF AUSTIN v. SCHMIDT.

No. 8575.

Court of Civil Appeals of Texas. Austin.

Dec. 31, 1937.

Rehearing Denied Jan. 19, 1938.

Cofer & Cofer, of Austin, for appellant.

Lee G. Williams, of Austin, for appellee.

BAUGH, Justice.

Appellee obtained a judgment in the justice court against appellant for $120 as penalty for usurious interest paid by him to appellant bank on two $270 loans. On appeal to the county court a like judgment was rendered in favor of Schmidt, from which the bank prosecutes this appeal.

The transactions involved were as follows: On April 17, 1934, Starke Truett and Frank Schmidt borrowed from appellant the sum of $270 for which they executed their note for $300, due 10 months after date, bearing 10 per cent. interest

after maturity, containing a provision for 10 per cent. attorney's fees and secured by a chattel mortgage. At the same time they also signed an agreement to purchase an installment certificate for $300 to be paid out in ten monthly installments of $30 each, payments on which were to draw interest at 4 per cent. per annum, wherein the bank agreed to pay Truett and Schmidt at its maturity the sum of $300, less such sums as they might then owe said bank. On the first transaction the makers made eight monthly payments of $30 each, and on December 31, 1934, executed another note for $300 on similar terms, and on which the bank advanced them $210 and used $60 to discharge the balance due on the first note. Another similar agreement as to purchase of another installment certificate was also signed. This latter note was paid in full in ten monthly installments of $30 each. In brief they executed two notes for the aggregate principal sum of $600, on which they were advanced in money only $540, and which $600 they repaid to said bank over a period of approximately 18 months.

Truett assigned his interest in the cause of action against said bank to Schmidt who brought this suit.

The trial court made and filed findings of fact as follows:

"2. The application for the loan, the agreement to repay the loan in ten monthly installments of $30.00 each, the signing of the $300.00 note, the giving of the mortgage and the signing of the installment certificate were all parts of a single transaction, which was purely a loan transaction, in the case of each of the two notes.

"3. The installment certificate was a device used by the defendant to cover the usurious character of the interest which it demanded and accepted; and the borrowers signed it thinking it was a receipt.

"4. The defendant intended to take and exact from and did receive from the borrowers, as interest, $30.00 on each loan."

The evidence was sufficient to sustain these findings and consequently to make the loans usurious as a matter of law, entitling the appellant to recover, under article 5073, R.S., a penalty in double the amount of the $60 paid as interest.

The first contention made by appellant is that a loan and investment company organized and operating under the provisions of chapter 9, title 16, R.S.1925, art. 542 et seq. is entitled to charge, on a loan of $300, a fee of $6, not to be considered as interest so as to render such a loan usurious; that when such fee was deducted only $24 should be treated as interest; that it was entitled to deduct 10 per cent. interest in advance on the loan made; that 10 per cent. on $300 for 10 months would be $25, or $1 more than the interest actually charged after deducting the $6 fee for investigation, etc., authorized by article 545, R.S.; and that consequently the interest charged was not usurious.

■ This contention is manifestly concluded against appellant by the statute itself, which provides that such company, in order to make such charges and to deduct interest in advance on its loans made thereunder, must limit the rate of interest so charged not to exceed 6 per cent. per annum. Manifestly appellant cannot claim the benefits of this statute unless it has otherwise complied with it and accepted its burdens also. This it obviously did not attempt to do. Consequently it is not entitled to claim the benefits of said article 545, and charge the fees therein authorized, because it did not comply with the other provisions of the statute.

■ The next contention made by appellant is that the borrowers purchased, in connection with said loan, investment certificates in the sum of $300 to be paid for at the rate of $30 per month, which were placed with appellant as collateral security for said loans, and which removed the taint of usury from the notes executed by the borrowers. If appellant had complied with the law regulating the operation of Morris Plan banks, and had made its contract in conformity with that law, this contention might be sustained. The borrowers, however, were not informed that they were purchasing any investment certificates, no mention of it was made to them, and thought they were merely signing a receipt for the money. No such certificates were delivered to them, and no credits of interest earned on payments made were ever entered on appellant's books, and after they had paid off their loans in full no notice was ever given them that they were entitled to any interest earned upon their investment certificates. In brief, the evidence was amply sufficient to support the trial court's findings that the loans made were but installment loans, and that the method used by appellant was merely a disguise by which appellant sought to conceal the usury in the transaction. A

similar case was presented in American Mutual Building & Savings Ass'n v. Daugherty, 27 Tex.Civ.App. 430, 66 S.W. 131, held to be usurious.

The rule is now well settled that the sum of money actually lent in such transactions constitutes the principal of the debt. Gilder v. Hearne, 79 Tex. 120, 14 S. W. 1031; Rosetti v. Lozano, 96 Tex. 57, 70 S.W. 204; Yonack v. Emery, Tex.Com. App., 13 S.W.2d 667, 70 A.L.R. 684; Temple Trust Co. v. Stobaugh, Tex.Civ.App., 59 S.W.2d 916. In the instant case in each loan that sum was $270, for the use of which the borrowers paid $30 over a period of 10 months in addition to liquidating the principal in monthly payments of $30 each. Manifestly this made the loan clearly usurious and entitled the borrowers to invoke the penalty statute authorizing a recovery of double the amount of usury paid.

Appellant also contends that, even if the loan be deemed usurious, it was entitled to deduct $6 on each loan as investigation fees, etc., under article 545, R.S.; that only $24 on each loan can be deemed interest; and consequently that a penalty of only $96 instead of $120 accrued in any event. This contention cannot be sustained for the reason that the statute authorizing such fees also prescribes the conditions on which such charges are permissible. These conditions appellant did not meet and was not therefore entitled to claim such fees. The full $30 on each note must therefore be treated as interest.

Finding no error in the record, the judgment of the trial court is affirmed.